UNITED STATES of America, Plaintiff-Appellee,

v.

John Albert BRAXTON, Defendant-Appellant.

No. 27753

Summary Calendar.

United States Court of Appeals Fifth Circuit.

Nov. 6, 1969.

---

States Post Office with intent to rob and steal property and for putting in jeopardy the lives of those employees by the use of dangerous weapons.[1]

Several issues for review are presented, all of which question the discretion of the trial judge. Upon a review of the entire record and for the reasons stated here, we conclude that there was no abuse of judicial discretion and, accordingly, affirm the judgment below.

The record shows the following facts. On July 31, 1967, two men, with tee shirts pulled up over their faces and with hats on their heads, entered the United States Post Office in North Miami Beach armed with guns, and through threats of violence forced employees to surrender certain mail. When a police officer arrived at the post office, he saw two armed men with hats leaving. Upon observing the police officer, the two men began to run and the officer ran after them. After an exchange of gunshots, one of the two men, appellant herein, fell, throwing his gun to the ground. This occurred approximately sixty yards from the post office. Appellant was then arrested and taken to the police station.

At the trial the policeman who arrested appellant identified him, as well as the gun, which was introduced into evidence. A postal employee identified postal wrapping and a box bearing appellant's fingerprints, and a fingerprint technician identified the fingerprints as those belonging to appellant. Appellant offered no evidence after the government rested its case.

Thomas B. Duff, Miami, Fla. (Ct. Apptd.), for appellant.

William A. Meadows, Jr., U. S. Atty., Jose E. Martinez, Asst. U. S. Atty., Miami, Fla., for appellee.

Before GEWIN, DYER and CARSWELL, Circuit Judges.

PER CURIAM:

█ Braxton appeals from a conviction for violations of 18 U.S.C. § 2114, for assaulting employees of a United

█ On his first point of error, appellant attempts to apply the logic of Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476, to the admission of certain demonstrative evidence before appellant had the opportunity to cross-examine the witness. Appellant contends

1. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the par- ties in writing. See Murphy v. Houma Well Service, 5 Cir., 1969, 409 F.2d 804, Part I; and Huth v. Southern Pacific Company, 5 Cir., 1969, 417 F.2d 526, Part I.

that cross-examination is necessary *before* the evidence is admitted, because any infirmities that might be brought out upon cross-examination after admittance could not be cured and the damage would already be done, even if the object were withdrawn from evidence. He then quotes a passage from *Bruton* stating *inter alia*,

"The naive assumption that prejudicial effects can be overcome by instructions to the jury * * * all practicing lawyers know to be unmitigated fiction." Bruton v. United States, supra at 129, 88 S.Ct. at 1624, quoting from Krulewitch v. United States, 336 U.S. 440, 453, 69 S.Ct. 716, 93 L.Ed. 790.

The *Bruton* case involved the admission into evidence of a co-defendant's confession. The primary basis of that decision was the Sixth Amendment's right of confrontation, because a co-defendant could not be compelled to take the stand, and the defendant had no opportunity to dispel any prejudice arising from the admission of the confession. The Court held that limiting instructions to the jury would not be an adequate substitute for defendant's constitutional right of cross-examination.

No such problems are involved here. There is no constitutional right of a defendant to cross-examine *before* demonstrative evidence is admitted. Such a procedure is within the absolute discretion of the trial judge. Appellant was given an opportunity to cross-examine the witnesses identifying the objects and that is all that is required. It is interesting to note that the admission of these objects into evidence was in no way shown to be improper by appellant's actual cross-examination.

■ Appellant next says that he was denied justice when the court refused his request to examine the fingerprint technician concerning his qualifications before testimony was received from him. Here again, there is no absolute right to cross-examine. On the contrary, the qualification of an expert witness is within the trial court's discretion. De Freese v. United States, 270 F.2d 737 (5th Cir. 1959). Appellant was given the opportunity to cross-examine this fingerprint technician and no attempt was made to impugn his qualifications which could have been done then.

■ The final contentions concern the trial judge's summary of evidence to the jury and will be considered together. When the government rested its case, the appellant moved for a judgment of acquittal which was denied. Thereafter, the defense rested without presenting any evidence. After first advising the jury that his summary of the facts and evidence was not binding upon them and that the jurors were the final judges of the facts, the trial judge then proceeded to instruct the jury as to the law and give a summary of the facts. A review of the comments to the jury in light of the record preceding it convinces us that the trial judge summarized the evidence adduced by the government fairly and impartially.

■ Appellant contends that the District Judge erred when he gave a summary of the evidence in response to questions by members of the jury. This contention is also without merit. It has been held by this Court that the trial judge has wide discretion in determining whether testimony should be read back to the jury upon request. Pinckney v. United States, 352 F.2d 69 (5th Cir. 1965). It cannot be said that the trial judge's summary of the evidence was incorrect, or that appellant was in any manner prejudiced thereby.

All other contentions of appellant having been considered, we are of the opinion that the trial below was fair and impartial, that no prejudicial errors were committed, that the evidence was sufficient to support the verdict and that the judgment should be and is

Affirmed.