**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Edward BRADLEY, Defendant-Appellant.**
No. 72–1319
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

May 15, 1972.

Rehearing Denied June 13, 1972.

J. Robert Hughes, Panama City, Fla.
(Court Appointed), for defendant-appellant.

William H. Stafford, Jr., U. S. Atty.,
Pensacola, Fla., for plaintiff-appellee.

Before GEWIN, AINSWORTH and
SIMPSON, Circuit Judges.

PER CURIAM:

Following jury verdicts of guilty of
two counts of an indictment charging
transfer of non-taxpaid distilled spirits

---

*     Rule 18, 5 Cir.; See Isbell Enter-
prises, Inc. v. Citizens Casualty Company

of New York et al., 5 Cir. 1970, 431 F.2d
409, Part I.

in violation of Title 26, U.S.C., Section 5604(a) (1), Edward Bradley was adjudged guilty and received a general sentence to the custody of the Attorney General of the United States for treatment and supervision under the provisions of the Federal Youth Corrections Act, Title 18, U.S.C., Section 5010(b). At the trial the defendant-appellant offered no testimony, the only evidence being that of the two agents, one state and one federal, referred to below. This appeal timely followed, in which the questions raised are: (1) claimed error in the court's admitting testimony of a State of Florida Beverage agent and an agent of the Alcohol, Tobacco and Firearms Division of the Internal Revenue Service, each with a number of years of experience in the investigative field, as to the substance purchased by the State Beverage Agent in 30 plastic gallon jugs on one occasion and 24 plastic gallon jugs on another occasion being moonshine whiskey; (2) claimed error in the giving by the court of a charge as to aiding and abetting, based on Title 18, U.S.C., Section 2; and (3) the sufficiency of the evidence to support the verdict.

■ The first contention must be resolved adversely to the appellant under numerous Fifth Circuit cases, including United States v. Duffy, 5 Cir. 1972, 454 F.2d 809; United States v. Braxton, 5 Cir. 1969, 417 F.2d 878, 880; Holley v. United States, 5 Cir. 1969, 412 F.2d 851, cert. denied 1969, 396 U.S. 919, 90 S.Ct. 246, 24 L.Ed.2d 198, as well as numerous cases from other circuits. The challenge to the right of the liquor agents to testify as "experts" is without merit, the qualifications of an expert witness being a matter committed to the discretion of the trial judge. Wigmore on Evidence, Third Edition 1940, Sections 555–561; United States v. Braxton, supra; DeFreese v. United States, 5 Cir. 1959, 270 F.2d 737; Fineburg v. United States, 9 Cir., 1968, 393

F.2d 417. Equally unmeritorious is the attack on the failure of the agents to sample the contents of each of the plastic jugs. 2 Wigmore on Evidence, Third Edition 1940, Section 439, is clear authority for holding that samples may be accepted as evidence of the entire lot.

■ The instruction as to aiding and abetting was proper under the uncontradicted testimony presented to the jury that the defendant, his mother and his father were engaged in a criminal venture, the transfer of distilled spirits in containers to which no stamps were affixed, as prohibited by Title 26, U.S.C., Section 5604(a) (1). The testimony showed that the appellant participated in the venture and assisted in the completion of the illegal transfer. See United States v. Megna, 5 Cir. 1971, 450 F. 2d 511 (rev'd on other grounds); United States v. Gower, 5 Cir. 1971, 447 F.2d 187; Nye & Nissen v. United States, 1949, 336 U.S. 613, 69 S.Ct. 766, 93 L. Ed. 919.

■ The contention as to insufficiency of the evidence to support the verdict is based in part on the "deficiencies in Agent Christie's qualifications to allow him to render an opinion as to what was in those containers which he checked". This contention is disposed of supra. Also the evidence showed that on both occasions at least one-half of the containers were also examined by Agent Ziegler, an experienced ATF Agent, who also testified that the jugs contained distilled spirits or moonshine whiskey. The point is made by appellant that it would be pyramiding an inference upon an inference to prove the ultimate fact in issue to infer that any of the containers actually handled by the appellant on either occasion were also the containers checked for contents by either agent. We think this contention is put to rest by our holding, supra, that it was proper for the trial court to charge the jury as

to aiding and abetting. The appellant either handled each container or assisted his parents in handling each container.

We find no error demonstrated in the proceedings below. Accordingly, the judgment is

Affirmed.