McCORD, Judge.
Appellant was convicted of armed robbery and appeals. He contends that the trial court erred in admitting evidence of another crime and erred in denying his request that the jury be charged on penalties. We affirm.
The State presented the testimony of two tellers of the Duval Federal Savings and Loan of Neptune Beach (Duval Federal) that on December 5, 1979, appellant approached one of the tellers’ window, pulled a small silver handgun from his right coat pocket, took a paper bag from his left coat pocket, and ordered them to give him money. Both tellers had received FBI training in observation techniques, and while complying with the demands, they concentrated their efforts on observing and memorizing the robber’s facial characteristics. They observed him from a distance of two to six feet. Also during the robbery, which lasted •for approximately three minutes, two surveillance cameras located behind the teller area took pictures of the robbery. The video tapes were offered in evidence by the State and admitted.
Over the objection of appellant, the court allowed Geraldine Johnson, the branch manager of another bank, to testify that on December 17, 1979, the bank in which she worked was robbed in a similar manner by a gunman she identified as appellant. The court ruled that her testimony was admissible because it was relevant and material to the issue of identity and instructed the jury that the sole purpose of her testimony was to show identification. The testimony in relation to the two separate robberies was that (1) in each case, the gunman wore the same clothing; (2) the physical characteristics of the gunman in both instances were the same; (3) in each robbery, the assailant removed a silver gun from his right pocket and a bag from his left; (4) the assailant in each case wore a “beanie hat”; (5) in each case the assailant initiated the robbery by asking for a roll of coins and (6) appellant was the perpetrator of both crimes.
Appellant’s defense at trial was alibi and he contested the issue of identity throughout the trial. On appeal, however, he now argues that the identity of the robber was not an issue in the case; that he was identified in the Duval Federal robbery by the two eyewitnesses and the pictures; that identity then was no longer an issue in the case and it, therefore, was error to admit evidence of the other robbery. He overlooks the fact that his defense was, and *768 continued to be, alibi, which necessarily made identity an issue throughout the whole trial. The similar fact evidence was admissible to bolster the other identification evidence which was presented. Williams v. State, 117 So.2d 473 (Fla.1960).
As to appellant’s contention that it was reversible error for the trial court to deny his request to instruct on penalties pursuant to Florida Rule of Criminal Procedure 3.390(a), the Supreme Court in Tascano v. State, 393 So.2d 540 (Fla.1980), ruled that pursuant to the aforesaid Rule 3.390(a), it is mandatory that instruction be given on the maximum and minimum sentences which may be imposed upon defendant upon request being made therefor. Here, however, appellant did not preserve the point for review by objecting to the court’s denial of the requested instruction. See Florida Rule of Criminal Procedure 3.390(d); Kelly v. State, 389 So.2d 250 (Fla.2d DCA 1980); and Bailey v. State, 393 So.2d 24 (Fla.3d DCA 1981).
AFFIRMED.
LARRY G. SMITH, J., and LILES, WOODIE A., (Retired) Associate Judge, concur.