PER CURIAM.
Appellant seeks review of multiple convictions and sentences which we affirm except as to the trial judge’s retention of jurisdiction, pursuant to Section 947.16(3) Florida Statutes, for review of any parole release order. This statute was enacted subsequent to the commission of the offenses in the present case and, since it substantively alters appellant’s situation to his disadvantage, retroactive application of the provision would be ex post facto in effect and is thus impermissible. State v. Williams, 397 So.2d 663 (Fla.1981), 6 FLW 263; Rodriquez v. State, 380 So.2d 1123 (Fla. 2nd DCA 1980); cf., Weaver v. Graham, - U.S. -, 101 S.Ct. 960, 67 L.Ed.2d 17 (1980).
Accordingly, we reverse insofar as the trial judge retained jurisdiction to review *977 parole release orders, and remand the cause for deletion of that portion of the orders of commitment. The judgments of conviction and sentences are otherwise affirmed.
SHIVERS and WENTWORTH, JJ., and WILLIAM C. OWEN, Jr. (Ret.), Associate Judge, concur.