411 So.2d 1312 (1981)
Harold C. HUBBARD, III, Appellant,
v.
STATE of Florida, Appellee.
No. VV-439.
District Court of Appeal of Florida, First District.
July 10, 1981.
On Rehearing February 23, 1982.
Rehearing Denied April 29, 1982.
*1313 Michael Allen, Public Defender, and Nancy A. Daniels, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and Raymond L. Marky, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
We affirm the appellant's conviction for the knifepoint robbery of a convenience store. Of Hubbard's seven points on appeal, two require comment.
Hubbard was seventeen years old and subject to the jurisdiction of the juvenile justice system when the crime occurred on July 18, 1977. Section 39.01(4), 39.02, Florida Statutes (1977). At the time, a juvenile could be involuntarily transferred into the adult criminal justice system in two ways: pursuant to a waiver hearing conducted by a judge, or upon indictment by the Grand Jury for crimes punishable by death or life imprisonment. Section 39.02(5)(a), (c), Florida Statutes (1977). In 1978, the legislature enacted 39.04(2)(e)4 which permits state attorneys to charge sixteen and seventeen year old juveniles as adults by filing informations directly in circuit court, thereby bypassing the juvenile system. After this provision took effect, the state attorney filed an information charging Hubbard with the 1977 robbery with a deadly weapon. On appeal, Hubbard argues that because the "direct file" statute was not in effect at the time of the crime, the prosecutor's procedure was an impermissible ex post facto application of law.[1]
Under the circumstances of this case we disagree because application of the direct file statute did not substantively alter Hubbard's situation to his disadvantage. See Prince v. State, 398 So.2d 976 (Fla. 1st DCA 1981). Robbery with a deadly weapon is a crime punishable by life imprisonment, Section 812.13(2)(a), so the state attorney at the time of the commission of the crime could have initiated indictment proceedings to have the defendant tried as an adult. In the context of waiving juvenile jurisdiction, the difference between indictment and information is procedural, not substantive. State v. Cain, 381 So.2d 1361 (Fla. 1980).[2] Therefore, Hubbard's motion to dismiss[3] was properly denied.
The appellant also urges reversible error in the trial court's denial of his request for a jury instruction on minimum and maximum penalties. See Tascano v. State, 393 So.2d 540 (Fla. 1980), reh. denied February 27, 1981. However, Hubbard did not object to the judge's failure to give such an instruction, so this point is not preserved for our determination. Holland v. State, 400 So.2d 767, No. WW-55 (Fla. 1st DCA opinion filed April 10, 1981) [1981 F.L.W. 860]. But see Williams v. State, 399 So.2d 999 (Fla. 3rd DCA 1981), n. 6; Saulsberry v. State, 398 So.2d 1017 (Fla. 5th DCA 1981).
Accordingly, judgment of the trial court is AFFIRMED.
ROBERT P. SMITH, Jr., C.J., and LARRY G. SMITH and JOANOS, JJ., concur.

*1314 ON MOTION FOR REHEARING EN BANC
JOANOS, Judge.
In his pleading styled "Motion for Rehearing, Rehearing in Banc, or Certification," appellant Hubbard has set forth a number of arguments directed at our earlier per curiam opinion in this proceeding. We reaffirm our earlier opinion regarding all points except the issue of the trial judge's failure to instruct the jury on penalties. In regard to that issue and especially the question of "What is required under Florida Rule of Criminal Procedure 3.390(d) for preserving as a point on appeal, a judge's failure to give a requested instruction?", we have determined under Florida Rule of Appellate Procedure 9.331 that en banc consideration should be afforded in order to maintain uniformity in this Court's decisions.
After en banc consideration we hold that Hubbard's conviction and sentence should be reversed and remanded for a new trial because of the judge's failure to give an instruction on penalties as required by Tascano v. State, 393 So.2d 540 (Fla. 1980).[1]
In the earlier opinion in this proceeding, appellant's argument for a new trial based on Tascano was rejected for the reason that appellant "did not object" and, therefore, the point was not preserved for appellate review. To support that position, we cited an earlier opinion of this Court, Holland v. State, 400 So.2d 767 (Fla. 1st DCA 1981). However, since our initial opinion was released, the earlier Holland opinion was vacated on rehearing, 400 So.2d 768 (Fla. 1st DCA 1981), with the Court holding that a colloquy in the record there sufficiently preserved the failure to give a requested instruction for appellate review. The verbal exchange between judge and counsel in Holland is similar to what occurred between judge and counsel in the instant appeal. This development has resulted in what we view as a conflict between the opinion on rehearing in Holland and earlier opinions of this Court, including Washington v. State, 392 So.2d 599 (Fla. 1st DCA 1981), Davenport v. State, 396 So.2d 232 (Fla. 1st DCA 1981), and Spurlock v. State, 403 So.2d 435 (Fla. 1st DCA 1981).
Our quest to resolve the issue begins with reference to Florida Rules of Criminal Procedure 3.390(d):
No party may assign as error grounds of appeal the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter of which he objects, and the grounds of his objection. Opportunity shall be given to make the objection out of the presence of the jury.[2]
It is clear from a reading of the rule that a defendant must object to a trial judge's failure to give a requested instruction and that the grounds for the objection must be stated.
In Castor v. State, 365 So.2d 701, 703 (Fla. 1978), the Supreme Court stated that to satisfy the rule, "... an objection must be sufficiently specific both to apprise the trial judge of the putative error and to preserve the issue for intelligent review on appeal." We believe that this statement best describes the objective of Rule 3.390(d). The primary thrust of the rule is to insure that the trial judge is made aware that an objection is being made and that the grounds therefor are enunciated. We do not believe that the rule was intended to approve or disapprove a special word formula; we will not exalt form over substance by requiring that counsel use the magic words, "I object," so long as it is clear that the trial judge was fully aware that an objection had been made, that the specific grounds for the objection were presented to the judge, and that the judge *1315 was given a clear opportunity to rule upon the objection.
In considering the motion filed by Hubbard in this proceeding, we have studied the colloquy between the trial judge and Hubbard's counsel. It is now our view that the requirements of Florida Rule of Criminal Procedure 3.390(d) were fulfilled for preserving as a point on appeal the judge's failure to instruct the jury on penalties. The trial court asked Hubbard's attorney if he wished to have an instruction on penalties and the attorney responded that he did. The trial judge refused the instruction, stating:
Well for the reasons that I have expressed in previous trials I have had with both of you gentlemen, I decline to instruct on penalties relying on the First District Court decision which the name of the case escapes me for the moment.
After the instructions were given, the trial court asked the attorneys if there were any "exceptions or objections to the instructions as given other than those already duly noted," and appellant's attorney responded, "none." Thus, it is clear from the record that the trial judge was treating Hubbard's counsel's position as an objection to the instructions. It is further clear that he was aware of the grounds for the objection and his reason for overruling the objection was set out by his reference to "the First District Court decision" which was obviously Tascano v. State, 363 So.2d 405 (Fla. 1st DCA 1978) which was reversed by the Supreme Court after the trial in the instant proceeding in Tascano v. State, 393 So.2d 540 (Fla. 1981).
Our opinion here is consistent with our opinion on rehearing in Holland. That trial occurred two weeks before the trial in this case and it involved the same judge and defense attorney. At the Holland charge conference, the judge made it clear to defense counsel that he was not going to give an instruction on penalties. In the process the trial judge cited this court's decision in Tascano as support for his denial of the request. Before the jury retired, the judge asked if there were "any exceptions or objections to the instructions as given, other than those already duly noted?" The lawyer replied: "No, sir." The Holland panel found that the circumstances were such as to "... indicate an objection on the record to the failure of the trial court to give such instruction."
However, our opinion here is somewhat inconsistent with our opinions in Washington, Davenport and Spurlock on the issue of the requirements of Rule 3.390(d) and we, therefore, recede from those opinions to the extent that they conflict with this one.
We hold that where the record demonstrates the trial judge was fully aware that an objection was made to the failure to instruct on penalties, that the specific grounds for the objection were presented, and that the judge was given a clear opportunity to rule on the objection, then the issue is preserved for appellate review.
REVERSED and REMANDED for new trial.
ROBERT P. SMITH, Jr., C.J., and McCORD, MILLS, ERVIN, LARRY G. SMITH, SHIVERS, SHAW, WENTWORTH, THOMPSON and WIGGINTON, JJ., concur.
BOOTH, J., dissenting.
BOOTH, Judge, dissenting:
I do not agree with my colleagues that defendant has preserved the "Tascano" issue for appeal. The record reveals that defense counsel failed to state an objection at any point during the trial; that he failed to state any grounds for an objection; failed to make the refusal to give the requested instruction a ground of his motion for new trial; and, failed to include this point in the "Statement of Judicial Acts to be Reviewed" filed in this court.
The Florida Supreme Court, in Tascano, supra, holds that the giving of the penalty instruction under Rule 3.390(a) is mandatory if requested, but that the court's failure to give that instruction is not fundamental error. Thus, the Tascano decision holds *1316 that the error must be preserved. It is to be noted that Rule 3.390, mandating the penalty instruction when requested also mandates that counsel object by, "[1] stating distinctly the matter of which he objects and [2] the grounds of his objection." Neither of these two requirements were met in the instant case.
In Kelly v. State, 389 So.2d 250, 251 (Fla. 2d DCA 1980), the court correctly stated the rule:
Florida Rule of Criminal Procedure 3.390(d), provides that a party must object to the giving or the failure to give a requested instruction. Furthermore, that rule requires the objecting party to distinctly state the grounds for his objection. In this same vein, our supreme court noted in Castor v. State, 365 So.2d 701 (Fla. 1978), that a timely objection is required where the error relates to the giving or failing to give a particular jury instruction.

In the instant case, although defense counsel twice requested the instruction concerning maximum penalties, he neither objected to the court's refusal to give the instruction nor stated the grounds upon which his request was made. Therefore, appellant did not preserve this issue for appeal. [emphasis supplied]
The most that can be said in the instant case, as in Kelly, supra, is that counsel requested an instruction, which was refused. This is clearly insufficient. The general inquiry by the court at the conclusion of the trial as to whether either counsel had objections "other than those duly noted" adds nothing, since there was no objection stated and none noted in the record.
The Florida Supreme Court, in Castor v. State, 365 So.2d 701, 703 (Fla. 1978), holds that the purpose of Rule 3.390(d) is twofold, to-wit: (1) "to apprise the trial judge of the ... error" and (2) "to preserve the issue for intelligent review on appeal." The trial court is confronted with numerous decisions in the course of a trial and must have those of the court's decisions which counsel views as potential ground for appeal identified clearly. Defense counsel is thereby required to commit himself prior to the verdict as to those errors which he views as sufficient for appeal, an important point, as held in Owens v. State, 349 So.2d 197, 198 (Fla. 1st DCA 1977), cert. dismissed, 353 So.2d 677 (Fla. 1978), German v. State, 379 So.2d 1013, 1014 (Fla. 4th DCA 1980), and Barrett v. State, 266 So.2d 373, 375 (Fla. 4th DCA 1972):
The accused in a criminal proceeding is not entitled to the privilege of refraining from making timely objection to matters felt to be prejudicial, and then waiting until the relative strength of the prosecution and defense presentations can be evaluated before raising a cry of prejudice.
The second purpose stated in Castor is to allow intelligent review on appeal. The appellate court should not be required to search the record in all criminal cases raising issues as to jury instructions and interpret colloquy between counsel and the court concerning instructions to determine the state of mind of counsel in perhaps objecting, and of the court in being aware that an objection was being made. Only where the error is fundamental is the necessity for objection dispensed with. The majority opinion here, however, obligates the appellate court to review the record to find whether an objection was made and understood even though there is no fundamental, or even prejudicial,[1] error.
Motions for new trial are governed by Rule 3.600(b)(7), Fla.R.Crim.P., which provides, in pertinent part:
The court shall grant a new trial if any of the following grounds is established, providing substantial rights of the defendant were prejudiced thereby: ... [t]hat the court erroneously ... refused to give a proper instruction requested by the defendant.
*1317 Of course, in order to make the failure to give an instruction a grounds for motion for new trial, there must have been a proper objection at trial, as stated in the comment following the new trial rule:
[T]he rule recognizes an erroneous instruction to the jury or refusal to give requested instructions as a ground for new trial, but counsel should first have raised the issue by an objection pursuant to Rule 3.390, supra, and Appellate Rule 6.16 in order to assign the issue as error or as a ground of appeal.
In Wilson v. State, 383 So.2d 670 (Fla. 5th DCA 1980), defense counsel objected to the trial court's giving of a particular instruction to the jury but did not include the specific issue in the new trial motion. On appeal, the District Court found that the instruction was erroneous but that the error had not been preserved because defendant had failed to state the grounds of his objection, and his motion for new trial did not assign the error sufficiently, holding (383 So.2d at 671):
Defendant can only assert the error on appeal if he made a timely objection to the instruction or if the error is fundamental error. Defendant's objection was timely. He failed, however, to state the grounds of his objection as required by Rule 3.390(d), Florida Rules of Criminal Procedure. Defendant's motion for new trial alleged the court had erred in instructing the jury on the offense of assault upon law enforcement officer on the ground that the offense was not established by the evidence. At no time did defendant assert as a ground for his objection the failure of the state to allege the crime of which defendant was convicted. Therefore, though timely made, defendant's objection was insufficient to preserve the point for review.
In the instant case, there are no compelling circumstances which, in the interest of justice, should move this court to waive the requirements of Rules 3.390(d) (objections) and 3.600(b)(7) (new trial motion), Fla.R. Crim.P. Defendant was tried and convicted of robbery with a deadly weapon based on evidence establishing his guilt of the offense charged. The trial was fairly conducted by an able and experienced trial court. The court, properly relying on law then in existence, denied the defense's request for an instruction on penalties. There was no objection by counsel to the court's refusal to give the instruction. Following the verdict, defense counsel filed a motion for new trial which did not assign as error the failure of the trial court to give the requested instruction. Motion for new trial was denied, and judgment and sentence were entered May 30, 1980. Notice of appeal was filed June 2, 1980, and, on June 5, 1980, defendant filed a "Statement of Judicial Acts to be Reviewed," which stated, as the sole act to be reviewed, "the denial of defendant's motion for a new trial on the 30th day of May, 1980." On June 19, 1980, defense counsel asserted for the first time error in failing to give the penalty instruction, filing a purported supplement to new trial motion in the trial court. At that time, the trial court, having denied the new trial motion[2] and notice of appeal having been filed, had no further jurisdiction.
Non-fundamental error can be waived. Technical objections are grounds for appeal only if preserved as required by the rules. I would affirm the judgment of conviction below.
NOTES
[1] The prohibitions against ex post facto laws, U.S. Const. Art. I, § 10, Fla. Const. Art. I, § 10, require that an otherwise valid law may not be applied to a defendant against whom it would have an ex post facto effect. E.g., Greene v. State, 238 So.2d 296 (Fla. 1970).
[2] "We do not see how a state attorney's decision to seek an indictment against a juvenile ... is distinguishable from a state attorney's decision to file an information against a juvenile. In either case the legislature has ... returned to the state attorney his traditional prerogative of deciding who to criminally charge with what offense. * * * Moreover, the requirement of a grand jury indictment only ensures that there is probable cause for the charge  it does not determine the propriety of prosecuting a juvenile as an adult." 381 So.2d at 1364-65.

In a broader context, other jurisdictions have found the difference between indictment and information to be procedural, and therefore not subject to ex post facto challenge. See State v. Kyle, 166 Mo. 287, 65 S.W. 763 (1901) and cases cited therein.
[3] The direct file statute includes a mechanism to return the cause to the auspices of juvenile court upon motion for transfer, supported by a showing that the defendant has not previously committed two delinquent acts, one a felony. Here, the defendant apparently chose not to move for such a transfer but moved instead to dismiss the information.
[1] Failure to instruct on penalties in this case cannot be considered harmless error. See Murray v. State, 403 So.2d 417 (Fla. 1981).
[2] It is important to note that the rule on the civil side, Florida Rule of Civil Procedure 1.470(b) is somewhat different for various reasons. Our analysis here should not be viewed, in any way, as an interpretation of the civil rule.
[1] Murray v. State, 403 So.2d 417 (Fla. 1981). The harmless error rule does not apply to penalty instruction cases.
[2] Rule 3.590, Fla.R.Crim.P.; State v. Pinto, 273 So.2d 408, 411 (Fla. 3d DCA 1973), cert. dismissed, 283 So.2d 367 (Fla. 1973) (trial court loses jurisdiction upon disposition of timely filed motion for new trial).