425 So.2d 101 (1982)
Roy RIVERS, Appellant,
v.
STATE of Florida, Appellee.
Nos. AK-485, AK-486.
District Court of Appeal of Florida, First District.
December 22, 1982.
Rehearing Denied February 1, 1983.
*102 J. Craig Williams of Williams & Stapp, Jacksonville, for appellant.
Jim Smith, Atty. Gen., Kathryn L. Sands, Asst. Atty. Gen., Jacksonville, for appellee.
LARRY G. SMITH, Judge.
Appellant, who was convicted of armed robbery of a Lil' Champ Food Store that occurred on September 13, 1981, seeks reversal based upon his claim that several trial errors denied him a fair trial. We find reversible error in the trial court's failure to instruct the jury on the limited purpose for which "Williams' Rule" evidence was introduced at the time such evidence was presented to the jury.
The Florida Evidence Code, Section 90.404(2)(b)2., provides that when evidence of other crimes is admitted, "the court shall, if requested, charge the jury on the limited purpose for which the evidence is received and is to be considered." Recognizing that some aspects of the evidence code may be procedural, rather than substantive law, and therefore within the rule-making authority of the Supreme Court of Florida, that court, in a per curiam opinion dated June 28, 1979 (372 So.2d 1379), temporarily adopted the provisions of the code to the extent that they are procedural, as rules of the court, effective July 1, 1979. See, also, In Re Clarification of Florida Rules of Practice and Procedure, 281 So.2d 204 (Fla. 1973). Consistent with the adoption of portions of the code as rules of court, the court also adopted a "Williams' Rule" instruction which includes a "note to judge" advising that such instruction is to be given at the time the evidence is admitted, "if requested." The instruction, Florida Standard Jury Instructions, Criminal Cases, page 50 (effective July 1, 1981), is as follows:
The evidence you are about to receive concerning evidence of other crimes allegedly committed by the defendant will be considered by you for the limited purpose of proving [motive] [opportunity] [intent] [preparation] [plan] [knowledge] [identity] [the absence of mistake or accident] on the part of the defendant and you shall consider it only as it relates to those issues.
However, the defendant is not on trial for a crime that is not included in the [information] [indictment].
A similar limiting instruction is required to be given at the close of the evidence.
The state contends that the Williams' Rule instruction was never adequately requested, or if an adequate request was made it was made in connection with testimony that was not of a "collateral crime" nature. After a careful review of the record we are compelled to disagree with the state's position.
At trial, appellant's sole defense to the robbery charge was voluntary intoxication to the extent that he was unable to form the specific intent required for commission of the offense of robbery, namely, the intent to permanently deprive the victim of the money stolen. Cirack v. State, 201 So.2d 706 (Fla. 1967); Mellins v. State, 395 So.2d 1207 (Fla. 4th DCA 1981); Fouts v. State, 374 So.2d 22 (Fla. 2d DCA 1979); 9 Fla.Jur., Criminal Law, § 414.
Appellant testified to his lack of comprehension of and ability to recall his own actions leading up to, during, and following the robbery. In furtherance of his defense he called and array of witnesses to confirm his heavy ingestion of drugs and alcohol, and to describe the apparent effects upon him, prior to commission of the offense. He also presented testimony from two psychiatrists to the effect that, by reason of his drugged and intoxicated state, he lacked the capacity to form the specific intent essential to the crime on the morning it occurred. One of these physicians, Dr. Saul, acknowledged that he understood appellant *103 was accused of four robberies. The other psychiatrist, Dr. Miller, agreed that if a specific act is committed, the fact that the same act is repeated in different settings within short intervals could be considered as indicative of the ability to form the specific intent to commit the act the first time.
In rebuttal, for the purpose of proving the existence of the ability to form the necessary criminal intent, the state called as witnesses the victims of two other grocery store robberies  7-Eleven and Zippy Mart  occurring on the same morning as the Lil' Champ robbery. The state also called three persons who were witnesses to some portions of the events or activities directly or indirectly connected with these two robberies, as well as a third robbery occurring at Skinner's Dairy Store on the same morning.
During the rebuttal testimony of Edward Radomski, the victim of the 7-Eleven store robbery, defense counsel moved for a mistrial because of the court's failure to order consolidation of the case for trial with the cases involving the 7-Eleven store, in which an information had been filed, and the two others in which no information had been filed. No request was made for a cautionary "Williams' Rule" instruction.
The next rebuttal witness, Francis L. Davis, was a witness to the Lil' Champ robbery for which appellant was being tried. The state then called Kenneth Graham, the victim of the Zippy Mart robbery. Prior to Graham's testimony, the following colloquy took place between defense counsel, the prosecuting attorney, and the court:
MR. WILLIAMS: At this time, for the record, this won't [sic] be evidence of collateral offense and I renew my motion heretofore made for consolidation and move for a mistrial.
MR. PERKINS: Your Honor, for the record, I would state that this is being used in rebuttal. There is no requirement of Williams' Rule notice.
THE COURT: I understand. I will deny the motion.
MR. WILLIAMS: Your Honor, do you deny my request for an instruction and motion for mistrial?
THE COURT: Yes.
Graham then gave testimony that while working as a clerk for the Zippy Mart, a man using a double barrelled shotgun robbed him of the store's money and some food stamps.
Graham was followed on the witness stand by Robert Steele, who testified to his observations of individuals (ostensibly the robbers) and their brown Mazda car parked at the Zippy Mart store.
The state then called Richard Smith, at which point defense counsel registered an objection and request, and received the court's ruling, as follows:
MR. WILLIAMS: Your Honor, I make the same objection I previously made for the record and same request for an instruction and I understand your ruling probably will be the same.
THE COURT: All right.
Smith then proceeded to relate details of his observation of a small brown car at Skinner's Dairy Store, and an individual who got out of the car, entered Skinner's Store, and emerged running a short time later.
Next in this series of rebuttal witnesses was Billie Collins, who related statements allegedly made by appellant concerning his having taken care of "some business" at Skinner's Dairy, on the morning of the robbery; also that appellant and a companion later divided some money between them. Defense counsel made the following objection and received the following ruling during this testimony:
MR. WILLIAMS: I would move for a mistrial and a limited instruction based upon evidence of collateral offense for which the defendant is not on trial. For purpose of preserving the record, I will make a continuing objection.
THE COURT: All right. For the record, I intend to instruct and probably add an addition to the standard instruction as to the fact that the defendant is only on trial for the crime alleged in the information, but I don't think under the circumstances *104 it is necessary to do it at this point since this testimony is apparently being offered to show the state of mind without any attention to time [sic], so I will deny your motion.
This court's opinion in Hubbard v. State, 411 So.2d 1312, 1314 (Fla. 1st DCA 1982), quoted favorably in Spurlock v. State, 420 So.2d 875 (Fla. 1982) [7 FLW 463], opinion filed October 7, 1982, pointed out that no "special word formula" is required to preserve for appellate review the trial court's refusal to give a requested jury instruction. Hubbard held that the rule (Rule 3.390(d), Florida Rules of Criminal Procedure), does not require the use of the "magic words `I object,'"
so long as it is clear that the trial judge was fully aware that an objection had been made, that the specific grounds for the objection were presented to the judge, and that the judge was given a clear opportunity to rule upon the objection.
Hubbard v. State, 411 So.2d at 1314, 1315.
In Spurlock, the court also drew upon language from Thomas v. State, 419 So.2d 634 (Fla. 1982), in holding that the contemporaneous objection rule is satisfied,
where the record shows, clearly and unambiguously, that the request was made and that the trial court clearly understood the request and, just as clearly, denied that specific request.
Thomas v. State, 419 So.2d at 636.
In the case before us we reject appellant's contention that the trial judge was alerted to counsel's request for the "Williams' Rule" instruction by his pre-trial objections to collateral crime evidence and his general objections expressed at various times during the trial. Further, counsel's motion for a mistrial during Radomski's testimony about the 7-Eleven robbery, based on the court's failure to order consolidation, clearly does not suffice. As above indicated, no objection of any nature was voiced during the testimony of the next witness, Davis, although both his and Radomski's testimony unmistakably constituted "collateral crime" evidence. Had the rebuttal evidence ended at this point, we would have no hesitancy in finding a waiver of the special "Williams' Rule" instruction. However, as shown by the portions of the record above quoted, during the testimony of the next three rebuttal witnesses defense counsel's request graduated from the general  "... do you deny my request for an instruction ...," and "I make ... the same request for an instruction ..."  to the more specific "... I would move ... for a limited instruction based upon evidence of a collateral offense for which the defendant is not on trial."
We would have difficulty in finding that counsel's request for "an instruction," without more, would satisfy the test of Spurlock, Thomas, and Hubbard. Counsel's next request for "a limited instruction based upon evidence of collateral offense ...," is another matter. Because of the specificity of this request, and the trial judge's response, we are compelled to view the matter in a different light. At this point our uncertainty as to whether the trial judge was adequately alerted as to the nature of the instruction being sought is dispelled by reference to what occurred later in the trial, at the jury charge conference. During this conference, the trial judge stated that he intended to give (from page 50, standard instructions), "the second half of WILLIAMS rule." Defense counsel then reminded the judge of his objections during the course of the trial, and of his request that the court "give an instruction." Whereupon, the trial judge responded:
THE COURT: I understand that, Mr. Williams, and I understand that you are not relinquishing any of your objections that you previously made as to instructing on the WILLIAMS rule during the course of the testimony.
Still further in the proceedings, at the hearing on motion for new trial, the judge commented:
THE COURT: * * *
... I, perhaps, should have given the instruction as to collateral offenses at the time they heard it. I have since thought *105 about that on several occasions, frankly, but I think it was explained properly at the time I instructed the jury... .
Despite the ineptness of the language used by counsel in his several requests, upon viewing the record in its entirety we are compelled to hold that the issue was marginally preserved for appellate review. Under the strictures laid down by this court, and by the Florida Supreme Court in the cases above cited, we are compelled to hold that the failure to give the "Williams' Rule" instruction during the course of the trial, at least as of the point where it was specifically requested, was reversible error. See, also, Skipper v. State, 420 So.2d 877 (Fla. 1982). In so holding we note that the trial judge did not have the benefit of the more recent decisions to which we have referred.
We have not overlooked the fact that the cases relied upon here dealt primarily with Tascano violations. Tascano v. State, 393 So.2d 540 (Fla. 1980). But we regard the reasons underlying the requirement of a special "Williams' Rule" instruction just as compelling, if not more so, than for the Tascano instruction. Neither have we overlooked the state's contention that at the point where the objection was adequately made the testimony being presented was not clearly "Williams' Rule" evidence. We find the facts to be otherwise, since the testimony of the rebuttal witnesses we have identified above related unmistakably to appellant's participation in three additional robberies on the same morning.
We have fully considered the remaining points and arguments for reversal raised in appellant's brief. In view of our reversal on the first point, these will be only briefly touched upon for the guidance of the trial court and counsel upon retrial of the case.
No reversible error has been shown in the trial court's denial of appellant's requested jury instructions on the offenses of robbery with a deadly weapon, and robbery with a weapon. Revised standard jury instructions in criminal cases were approved by opinion filed April 16, 1981, modified June 5, 1981. See, In The Matter Of The Use By The Trial Courts, etc., Nos. 57,734, 58,799, (Fla. April 16, 1981), mod. no. 58,799, (Fla. June 5, 1981) (changing the effective date of the schedule of lesser included offenses to October 1, 1981). The new instructions are applicable in this case. Boston v. State, 411 So.2d 1345 (Fla. 1st DCA 1982); Burney v. State, 402 So.2d 38 (Fla. 2d DCA 1981). The appellant stipulated at the trial that he entered the store and committed the robbery with a shotgun. There was no evidence upon which to base a finding that the shotgun was not a firearm. Robbery with a deadly weapon and robbery with a weapon carry the same penalty as the offense charged. Each offense is a felony of the first degree. Section 812.13(1), (2)(a) and (b), Florida Statutes (1981). No offense is deemed to be a lesser offense if it carries the same penalty as the crime under consideration. See, Comment On Schedule Of Lesser Included Offenses, Florida Standard Jury Instructions In Criminal Cases, page 257.
Appellant next complains of the trial judge's refusal to allow Dr. Yates to testify as an expert witness as to the effect of alcohol and drugs on the human body and mind. Frankly, as to the circumstances existing in this particular case, we are unable to fully appreciate why Dr. Yates, a psychologist, was any less qualified to render an opinion as to appellant's ability to form an intent than were Drs. Miller and Saul, both of whom are psychiatrists. Both psychiatrists based their opinion concerning appellant's capacity to form the specific intent to deprive the victim of the money primarily upon what appellant told them. Neither psychiatrist had definite information concerning the exact chemical composition or quantities of the drugs and alcohol appellant had injected into his body or consumed. However, in view of our reversal on other grounds, no useful purpose would be served by our further discussion of this point. The trial judge has broad discretion in passing upon the qualifications of an expert witness. See, United States v. Bradley, 460 F.2d 529 (5th Cir.1972), cert. den., 409 U.S. 883, 93 S.Ct. 171, 34 L.Ed.2d 139 *106 (1972); Johnson v. State, 314 So.2d 248 (Fla. 1st DCA 1975); Tully v. State, 69 Fla. 662, 68 So. 934 (1915). The trial judge also has broad discretion in ruling upon the admissibility of evidence generally, and in the absence of an abuse of discretion, a ruling regarding admissibility will not be disturbed. Jent v. State, 408 So.2d 1024 (Fla. 1981). The responsibility of determining the qualifications and range of subjects on which an expert witness may be allowed to testify rests with the trial court, and its rulings in this regard will not be disturbed on appeal absent a clear showing of abuse of discretion. Fotianos v. State, 329 So.2d 397 (Fla. 1st DCA 1976). No showing has been made that the testimony of Dr. Yates would have been any different in its import and effect than that given by Drs. Miller and Saul. As such, it would have been merely cumulative, and no reversible error has been shown in the exclusion of her testimony.
We view appellant's contentions regarding the trial court's limitations upon Dr. Miller's testimony, as well as other alleged limitations or restrictions upon appellant's presentation of evidence during the trial, much in the same light as we have indicated with respect to the exclusion of Dr. Yates' testimony. We agree with the trial court's view that the defense of voluntary intoxication is limited in scope, and the evidence which may be presented is more confined and restrictive than for the defense of insanity. The appellant and his wife, as well as other witnesses, were allowed to cover various aspects of appellant's life and character sufficient to "place" him in the minds of the jurors, and to disclose the difficulties that may have precipitated his sudden over-indulgence in alcohol and drugs. Thus, it appears that appellant was not prevented from presenting the essential facts upon which he sought to rely in support of his intoxication defense. A possible exception appears in the trial court's limitation of Dr. Miller's testimony, concerning the effect of drugs and alcohol, to a period of three days preceding the robbery offense. The mere fact, as Dr. Miller indicated, that ordinarily speaking, the effect of drugs or alcohol upon the human body would become essentially dissipated or eliminated within that period of time does not in itself preclude consideration, by a qualified expert, of the effect of taking alcohol or drugs over a longer period of time. The fixing of a specific period of time within which the taking of drugs or alcohol might have some significant effect upon the capacity to form criminal intent would itself be the subject of expert opinion, rather than a matter for determination by the trial court. Other than with respect to this particular point, appellant has failed to demonstrate any further infirmities in the trial court's rulings that would merit consideration by this court.
Turning to another point, we fail to see how the several robberies were "related offenses" within Rule 3.151, Florida Rules of Criminal Procedure, so as to require their consolidation for trial upon appellant's request. The several robberies occurred at different locations, involved different victims, and different witnesses. See, Paul v. State, 385 So.2d 1371 (Fla. 1980). We further find no abuse of discretion in the trial court's rulings with respect to alleged improper argument of the prosecuting attorney.
The judgment of conviction in case no. 81-8252 is REVERSED and REMANDED for a new trial. The judgment of conviction in case no. 81-8253, which was based upon appellant's plea of nolo contendere with reservation of the right to appeal as to all issues raised with respect to case no. 81-8252, is REVERSED, and REMANDED for further proceedings.
ERVIN and SHIVERS, JJ., concur.