ERVIN, Chief Judge,
specially concurring.
Although I agree with the majority in affirming, I do so on the sole basis that the out-of-court statement sought to be admitted was in fact hearsay, and because it did not fall within one of the exceptions enumerated under section 90.803, Florida Statutes, it was therefore inadmissible. If the statement could be fairly considered not hearsay, I would otherwise agree with appellant that the error was preserved and would reverse.
At the beginning of the appellant’s presentation of the case, defense counsel requested permission to have admitted into evidence two out-of-court statements overheard by two persons whose video-taped depositions had been taken and who were unavailable to testify at trial. The purpose for the admissibility of the two statements was, as related by defense counsel, not to vouch for the truth of the matters asserted in them, but to reveal the state of mind of the declarant. Defense counsel sought first to have admitted a statement which was unrelated in its factual content to the second statement. In denying the motion to admit the first statement, the court responded:
Well, how do you — how do you get around — I know that expression, I have heard it a hundred times and I have never understood what it means. We don’t offer this for the truth for what it was said, but for the state of mind of the declarant that it was said. If you don’t— to me it’s so obviously hearsay that the State or the other party cannot rebut it insofar as the state of mind or the truthfulness or anything else. I don’t understand, I have never understood what that rule means, I am sorry, I am obtuse, I remember it in law school. It came across once a week, but I have never understood what it means.
I have never understood how you can possibly say, okay, but this is hearsay, but we are going to let it in because we are not asserting the truth of what was said but rather the state of mind of the de-clarant. Seems to me that’s the reason for hearsay.
Shortly thereafter, an objection to the admissibility of the later statement was sustained on the ground of hearsay. And it is the denial of this statement that is urged as error on appeal. The second statement, if admitted, would have attributed Frank, the declarant, as saying that the victim was stabbed in the chest some twelve times. The reason offered by defense counsel for its admission was that “It’s a statement against interest of a third party....” Because the statement’s trustworthiness could not be established, it was not one that could be admitted as a statement against the declarant’s interest. See section 90.-804(2)(c). At any event, appellant does not now argue that the statement was properly admissible as a statement against interest, *171 but rather as one not covered by the hearsay rule. The majority’s opinion perceives appellant’s position as inconsistent- with that advanced at trial and holds the error not preserved.
The given reason was clearly inconsistent with that offered for the earlier statement’s admissibility; nevertheless the trial court had already been generally apprised of counsel’s position, had stated that it did not understand why the other statement sought to be admitted would not be hearsay, and had ordered it excluded from evidence. Following close on the heels of the court’s prior ruling, it fairly seems to me that defense counsel’s alternative theory of admissibility was offered in the belief that, as the court had already acknowledged it did not understand counsel’s earlier contention for admitting the first statement, any further argument along those lines would be futile.
We have recognized in interpretating Florida Rule of Criminal Procedure 3.390(d) —precluding a party from assigning an error on appeal unless a timely objection was raised at the trial level — that the rule was not “intended to approve or disapprove a special word formula.... ” Hubbard v. State, 411 So.2d 1312, 1314 (Fla. 1st DCA 1982). We have also held that an error will be preserved as long as “the trial judge was fully aware that an objection had been made, that the specific grounds for the objection were presented to the judge, that the judge was given a clear opportunity to rule upon the objection.” Id. at 1314-1315. See also Rivers v. State, 425 So.2d 101, 105 (Fla. 1st DCA 1982) (error “marginally preserved for appellate review.”). Therefore, if the statement can be considered to fall outside the definition of hearsay, I would agree with appellant that the error was preserved.
I concur, however, with affirming on the basis that the statement was in fact hearsay and therefore inadmissible. Section 90.-801(l)(c) defines hearsay as “a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.” (e.s.) Because the distinctions between hearsay and non-hearsay statements have not always been clearly observed, the following examples may more clearly illustrate the differences than would a lengthy exposition. Thus, if the declarant says, “I am Caesar,” the statement is not hearsay if the purpose of its admission is not to prove the fact contained in it but rather that the person who made it is insane. Ehrhardt, Florida Evidence s. 801.3 p. 233 (1977). Under those circumstances an inference may be drawn that the person is insane. Id. Similarly, the out-of-court statement of the driver of an automobile, involved in an accident, recounting that another vehicle ran a stop light may be admissible if it is offered for the limited intention of showing that the declarant was conscious following the accident. Id. s. 801.2. To summarize, if the out-of-court statement is offered for a purpose other than for proving the truth of its contents, the only restriction generally on its admissibility is that it be relevant to some material fact at issue. Id.
The primary difficulty in deciding whether to admit a statement as it relates to a declarant’s knowledge of certain facts, offered not to prove the facts stated within it, but to infer the existence of other facts, is in establishing its reliability. Here we have an out-of-court statement, offered not to prove the fact that the victim was stabbed twelve times in the chest, but to create a reasonable doubt as to the defendant’s guilt because the statement, it is argued, reveals that the declarant’s knowledge of the events was obtained at a time when only he could have committed the crime. In my judgment the statement was hearsay because it depended for its value upon the veracity of the events remembered, and was properly barred pursuant to the provisions of section 90.803(3), which generally exclude from evidence after-the-fact statements of memory when offered to prove the facts remembered, or when made under circumstances revealing their unreliability. Section 90.803(3)(b)2.
*172 Ehrhardt states that section 90.803(3) adopts the views of the United States Supreme Court in Mutual Life Insurance Co. v. Hillmon, 145 U.S. 285, 12 S.Ct. 909, 36 L.Ed. 706 (1892) and Shepard v. United States, 290 U.S. 96, 54 S.Ct. 22, 78 L.Ed. 196 (1933), which taken together hold “that a statement of the declarant’s then-existing state of mind is admissible to prove or explain the declarant’s subsequent conduct but not his prior conduct.” Ehrhardt, supra at s. 803.3B, p. 261. For example, a statement by the declarant that he intends at a specific time in the future to go to Miami is admissible to prove that he went to Miami at the time he said that he would; on the other hand, the declarant’s statement in the presence of a witness that he went to Miami the preceding week is barred by the statute for the purpose of proving that he did in fact go. The reason for excluding after-the-fact statements of memory is that “[i]f these statements were admitted it would be easy for any individual to manufacture evidence to prove facts that had occurred in the past.” Id.
There is, however, authority predating the adoption of the Florida Evidence Code supporting appellant’s position that the statements sought to be admitted are not hearsay. In Bridges v. State, 247 Wis. 350, 19 N.W.2d 529 (1945), the Wisconsin Supreme Court held that the trial court properly allowed as evidence against a defendant, charged with mistreatment of a seven-year old girl, the girl’s out-of-court statement relating a description of the house and its surroundings where the crime occurred. The statement was properly admitted, the court held, not on the basis that the articles described were in fact those in the room, but to show that at the time the statement was made, a month before the time of the later discovery of the room, the girl had “knowledge as to articles and descriptive features which, as was proven by other evidence, were in fact in or about that room and house.” 19 N.W.2d at 535. The court thereupon held that the statements did not fall within the ambit of hearsay.
Professor Morgan, writing in the Harvard Law Review, has criticized the Bridges result, saying that the court “neglected to note that the drawing of such an inference [that the girl’s statement would be used as circumstantial evidence for the purpose of showing that she had been in the room] required the jury to rely upon the observation, memory and veracity of the girl, and thus encountered the essential features of hearsay.” Morgan, Evidence 1941-1945, 59 Harv.L.Rev. 481, 544 (1946). Yet, because the reliability of the statement was established by other witnesses who also viewed the room, as well as by the fact that the girl was available to testify at trial, he concludes that although the evidence as such was hearsay, it nevertheless “should have been received as a rational exception to the hearsay rule for it had much greater guarantee of trustworthiness than many of the recognized exceptions.” Id. (e.s.) Morgan’s views would seem to correspond closely with those provisions of the Evidence Code, later adopted as section 90.803(3).
Dean McCormick, in his analysis of the Bridges case, disagrees with Morgan’s conclusion that the statement was hearsay. He offers, however, the following cautionary comments concerning the admissibility of such utterances:
When the existence of knowledge is sought to be used as the basis for a further inference, caution is required lest the hearsay rule be infringed upon. Thus, in a Wisconsin case evidence was received in a trial for mistreatment of a little girl, that the girl in reporting the incident gave a description of the house and its surroundings and of the room and its furnishings, where the mistreatment occurred. Other evidence showed that this description fitted exactly the house and room where the defendant lived. Morgan suggested that this evidence depended for its value upon “the observation, memory and veracity” of the girl and thus shared the hazards of hearsay. It seems, however, that the testimony had value without regard to her veracity. Other witnesses had described the physical characteristics of the house. Her testimony was not relied on for that, but to *173 show her knowledge as a “trace,” as it were, on her mind of her visit at the time of the crime. Significantly the undisputed proof excluded the possibility of other means by which she could have acquired the knowledge, and thus the hearsay dangers were eliminated. However, statements of memory or belief are not generally allowed as proof of the happening of the event remembered or believed, since allowing the evidence would destroy the hearsay rule. For this purpose, knowledge would seem to be indistinguishable from memory and belief, save under unusual circumstances.
McCormick on Evidence, s. 249, p. 592 (1972) (footnotes omitted) (e.s.).
McCormick, although adhering to the view that a declarant’s statement evincing his or her knowledge is not hearsay, when it is used as the basis for a further inference, nevertheless would not allow the statement to be received as evidence if its reliability cannot be corroborated. This view seems to me at variance with the Florida Evidence Code’s definition of hearsay, contained in section 90.801(l)(c), which excludes only statements “offered in evidence to prove the truth of the matter asserted ... ”, and does not otherwise have a provision relating to a non-hearsay statement’s reliability as a condition to its admissibility, as does section 90.803(3)(b)2, relating to hearsay exceptions.
In my judgment, the statement sought to be admitted in the case at bar was hearsay as it depended for its value upon the observations and veracity of the declarant. The declarant’s knowledge of the victim’s stab wounds was sought to be used as the basis for the further inference that only Frank could have committed the crime as he was inside the dwelling at a time when no one else was aware of the details of the homicide, thereby casting a reasonable doubt on the guilt of the accused. Under such circumstances, I am of the view that the utterance should have been excluded as an after-the-fact statement of memory or belief which was offered “to prove the fact remembered or believed.... ” Section 90.-803(3)(b)l.
Even if the statement before us can be said not to fall within the definition of hearsay, it would still be inadmissible under McCormick’s theory because its trustworthiness could not be established. It is true that some of the particulars of the out-of-court statement were corroborated by the announcement made by the medical examiner before a crowd gathered around the house, and in presence of the news media, that the victim had been found dead of multiple stab wounds inside her home, and also by the testimony of a forensic pathologist at trial, stating that an autopsy had been conducted on the body of the deceased and had revealed numerous stab wounds, including nine in the chest and ten in the back. Nevertheless, the statement’s reliability depended on verifying the fact that Frank’s knowledge could have been obtained by his observation of the body at a time when no one else was present. Only the unavailable witnesses to the declaration could state with any certainty that Frank had not gotten his information from one or more of the officers at the scene, rather than from his personal observations of the decedent’s body at a time when no one else was present. The accuracy of their information could not be tested by cross-examination in the presence of the jurors. This is precisely the type of out-of-court statement which should be excluded because of the obvious ease with which it can be fabricated to prove facts that ostensibly have occurred in the past.
Under the circumstances stated, I agree to affirm.