378 So.2d 117 (1980)
Jessie SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 78-2296.
District Court of Appeal of Florida, Fourth District.
January 4, 1980.
Rehearing Denied January 23, 1980.
Curtis G. Levine, of Baskin & Sears, Boca Raton, for appellant.
Jim Smith, Atty. Gen., Tallahassee and Russell S. Bohn, Asst. Atty. Gen., West Palm Beach, for appellee.
*118 HURLEY, Judge.
This appeal results from the defendant/appellant's conviction of robbery. He asserts several points on appeal, but we limit our discussion to the question of whether defense trial counsel made and preserved an objection to the trial court's refusal to give a special requested jury instruction. We conclude that the requirements of Rule 3.390(d), Fla.R.Crim.P. were not met, and consequently the trial court's ruling and the merits of the instruction itself may not be considered on appeal.
During the jury instruction conference defense counsel tendered a written special jury instruction. The state objected and the court sustained the objection. The matter was concluded without further discussion. At the end of its charge to the jury the court inquired whether there were "any objections by counsel to the instructions as given?" The state responded in the negative; defense counsel remained silent. Now on appeal, defendant/appellant wishes to test the propriety of the trial court's ruling.
Rule 3.390(d) is quite explicit in its requirements:
No party may assign as error grounds of appeal the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects, and the grounds of his objection. Opportunity shall be given to make the objection out of the presence of the jury.
While this court is concerned lest form be elevated over substance, there are important underlying considerations which mandate full compliance with the rule. Though defense counsel tendered a written instruction, his subsequent silence coupled with his failure to list the grounds for his objection preclude appellate review of this issue. White v. State, 324 So.2d 115 (Fla.3d DCA 1976), cert. dism. 339 So.2d 1193.
Finding the remaining points to be without merit, the judgment below is affirmed.
DOWNEY, C.J., and GLICKSTEIN, J., concur.