395 So.2d 1236 (1981)
Floyd Norton WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 79-2190.
District Court of Appeal of Florida, Fourth District.
March 25, 1981.
Richard L. Jorandby, Public Defender, and Tatjana Ostapoff, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Max Rudmann, Asst. Atty. Gen., West Palm Beach, for appellee.
HERSEY, Judge.
In this appeal from a conviction of sexual battery, defendant, appellant here, attacks *1237 the trial court's refusal to instruct the jury on the defense of alibi. Before reaching the merits, we must first determine whether trial counsel made an objection and preserved this point for appeal pursuant to the requirements of Rule 3.390(d) Fla.R.Crim.P.
During the jury instruction conference the following colloquy occurred:
THE COURT: I have not changed my mind. You may file an objection at this point, but I am not satisfied that the instruction as far as alibi would be properly given, and I am not planning to give it. You may speak to this.
DEFENSE COUNSEL: Your Honor, for the record, I would ask that the instruction on alibi be given based on the testimony that was elicited from the witness stand. I believe that the testimony from the stand does qualify as an alibi and would respectfully request that instruction... .
THE COURT: I am not going to give it. I just wanted to give each of you the opportunity to speak to it.
There was no further discussion on the matter. At the conclusion of its charge to the jury the court inquired whether there were "any additional objections to the charges." Defense counsel objected on another point but did not again raise the court's failure to give the alibi instruction.
Rule 3.390(d) is quite specific:
No party may assign as error grounds of appeal the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects, and the grounds of his objection. Opportunity shall be given to make the objection out of the presence of the jury.
In a recent application of this rule, we held that appellate review of a trial court's refusal to give a special requested jury instruction was precluded because although counsel had submitted a written instruction, he failed to object and list the grounds for objection when that instruction was rejected. Smith v. State, 378 So.2d 117 (Fla. 4th DCA 1980). To dispel the expressed concern that Smith elevates form over substance and requires an over-technical reading of the rule, we revisit that decision in the context of a clarification of the rule's parameters.
The civil counterpart to Rule 3.390(d) states in part:
[T]he parties shall file written requests that the court charge the jury on the law set forth in such requests... . No party may assign as error the giving of any charge unless he objects thereto at such time or the failure to give any charge unless he requested the same.
Fla.R.Civ.P. 1.470(b). Under this language, error in failing to give an instruction is preserved as long as a written jury instruction is tendered to the trial court. Although explicit in its requirements, Rule 3.390(d) does not contain such language. Thus, it is evident that preserving error pursuant to the criminal rule necessitates more than submission of a request for an instruction.
If a jury instruction is requested and the basis for the request verbalized to the court and made a part of the record, failure to object to rejection of the instruction or to repeat the grounds in the form of an objection does not preclude appellate review. The underlying purpose of Rule 3.390(d) has been met; the trial court is placed on notice that refusal to give the requested instruction may be error. However, if, as in Smith, a jury instruction is tendered without further explanation, the subsequent failure to object on specific grounds to its denial is fatal and the issue has not been preserved for review.
Rule 3.390(d) governs the preservation of error not only as to the court's failure to give a requested instruction, but also as to the giving of an erroneous or inappropriate instruction. In either event, it is essential that at some point in the proceedings the trial court be informed of possible error. Thus, it is unnecessary to raise objections both at the charge conference and at the end of the court's instruction to the jury. The primary reason that *1238 opportunity to lodge objections must be afforded after the jury has been instructed is so that possible errors in charging the jury may be brought to the court's attention. Accordingly, when feasible, objections should be specified during the conference on instructions and when so indicated need not be repeated after the jury has been charged.
In applying the above stated principles to the instant case, we determine that the trial court's refusal to give an instruction on the defense of alibi was preserved for review. Having made that determination we now proceed to the merits of the issue.
A defendant is entitled to have the jury instructed on the law applicable to his theory of defense if there is any evidence introduced to support the instruction, however disdainfully the trial judge may feel about the merits of such defense from a factual standpoint. Laythe v. State, 330 So.2d 113 (Fla. 3d DCA 1976). Specifically, the alibi instruction should be given where there is sufficient evidence to present the issue to the jury. Hudson v. State, 381 So.2d 344 (Fla. 3d DCA 1980).
[E]vidence in support of an alibi need not be absolutely clear. It is sufficient if there is enough to produce in the minds of the jury a reasonable doubt as to the presence of the prisoner at the scene of the killing. Neither do we think that the evidence of an alibi should in any case make it absolutely impossible for the prisoner to be present at the killing. It is sufficient if it raises a reasonable doubt in the minds of the jury... .
Adams v. State, 28 Fla. 511, 542, 10 So. 106, 114 (1891).
The victim's testimony in the instant case places the time of the sexual battery approximately between 1:30 a.m. and 2:30 a.m., March 1, 1977. Her testimony further reveals that for about forty-five minutes to an hour before the attack she was either in appellant's presence or being followed by him. On the other hand, the testimony of both appellant and his alibi witness is that appellant joined a celebration of the witness's birthday at about 12:30 a.m. that night and stayed until after 2:00 a.m.
Obviously, the evidence of alibi was sufficient to raise a reasonable doubt as to appellant's presence at the scene of the sexual battery. Therefore, the trial court committed reversible error in failing to instruct the jury on alibi pursuant to appellant's request. Accordingly, we reverse the judgment of conviction and remand for new trial.
REVERSED AND REMANDED.
BERANEK and GLICKSTEIN, JJ., concur.