419 So.2d 634 (1982)
J.B. THOMAS, Petitioner,
v.
STATE of Florida, Respondent.
No. 60477.
Supreme Court of Florida.
September 2, 1982.
*635 Richard L. Jorandby, Public Defender and Tatjana Ostapoff, Asst. Public Defender, Fifteenth Judicial Circuit, West Palm Beach, for petitioner.
Jim Smith, Atty. Gen. and Barbara Ann Butler and Sean Daly, Asst. Attys. Gen., Daytona Beach, for respondent.
McDONALD, Justice.
We have for review Thomas v. State, 394 So.2d 548 (Fla. 5th DCA 1981), because of conflict with Brown v. State, 206 So.2d 377 (Fla. 1968), Tascano v. State, 393 So.2d 540 (Fla. 1980), and Williams v. State, 395 So.2d 1236 (Fla. 4th DCA 1981). We have jurisdiction pursuant to article V, section 3(b)(3), Florida Constitution, and quash in part the instant district court opinion.
A jury convicted Thomas of false imprisonment, sexual battery, and petit theft. The trial court sentenced him to forty years in prison. On appeal the district court affirmed the conviction, but remanded for resentencing because the trial court improperly imposed a general sentence for multiple convictions.
Two of the points considered by the district court present the basis for this review. The following dialog occurred during the state's closing argument:
You can consider all the evidence. The trial has to be held in public, everything has to be done face to face so you can see and because that is a very great part of this case. Is it reasonable to believe that Debby Sue Clark, under any circumstances, and in particular, these circumstances, would consent to sexual intercourse with that (indicating)?
Mr. Large [defense counsel]: Objection, Your Honor. I have a motion to make.
The Court: Motion overruled.
Mr. Large: Can I make the motion after the jury is excused?
The Court: Denied.
The district court found that defense counsel had waived any objection and that the waiver precluded appellate review because the complained-of remark did not constitute fundamental error.
This Court has stated that "[a] lawyer is not required to pursue a completely useless course when the judge has announced in advance that it will be fruitless." Brown v. State, 206 So.2d 377, 384 (Fla. 1968). We find that further argument on this point would have been pointless and that defense counsel properly acceded to the trial court's *636 directions. See State ex rel. Garlovsky v. Eastmoore, 393 So.2d 567 (Fla. 5th DCA 1981); Ward v. State, 354 So.2d 438 (Fla. 3d DCA 1978). On the facts of this case the objection and request to make a motion, contrary to the district court's finding, sufficed to preserve the point on appeal.
We do not agree, however, with appellate counsel's characterization of the prosecutor's remark as a "racial slur." The district court points out that evidence presented at trial showed disparate lifestyles, social standing and dress between Thomas and the victim and that not even a suggestion of racial allusion occurred during the rest of the trial. We agree that the prosecutor's question was not designed to play on racial prejudice and also agree with the district court's finding that the comment did not constitute fundamental error.
Pursuant to Florida Rule of Criminal Procedure 3.390(a), Thomas' trial counsel requested that the jury be instructed on the possible penalties provided for the crimes charged against Thomas. The trial court agreed to give such instructions, but, upon reconsideration, later refused to do so. The district court found that Thomas had not objected to the court's failure to instruct on penalties and, based on Kelly v. State, 389 So.2d 250 (Fla. 2d DCA 1980), and Castor v. State, 365 So.2d 701 (Fla. 1978), held that the issue had not been preserved for appeal.
In Tascano v. State, 393 So.2d 540 (Fla. 1980), we held that giving an instruction requested pursuant to rule 3.390(a) is mandatory. Tascano's holding was prospective, but we stated that "[Tascano], as well as all others who have preserved this point on appeal, receive the benefit of this interpretation of the rule." Id. at 541 (emphasis supplied). Williams v. State, 395 So.2d 1236 (Fla. 4th DCA 1981), presented the fourth district with a situation very similar to the instant case. The district court found a Tascano violation and stated that
[i]f a jury instruction is requested and the basis for the request verbalized failure to object to rejection of the instruction or to repeat the grounds in the form of an objection does not preclude appellate review.
395 So.2d at 1237. See Borden v. State, 402 So.2d 1176 (Fla. 1981). The fourth district expanded on this statement in Austin v. State, 406 So.2d 1128 (Fla. 4th DCA 1981). Austin's discussion of the interaction of Tascano and Florida Rule of Criminal Procedure 3.390(d) has been echoed in Hubbard v. State, 411 So.2d 1312 (Fla. 1st DCA 1982). In discussing Castor v. State, 365 So.2d 701 (Fla. 1978), and rule 3.390(d), the first district found that, if a trial court fails to give a requested Tascano instruction, counsel need not
use the magic words, "I object," so long as it is clear that the trial judge was fully aware that an objection had been made, that the specific grounds for the objection were presented to the judge, and that he was given a clear opportunity to rule upon the objection.
At 1314.
In the instant case Thomas filed a written request for an instruction on penalties, which the trial court agreed to give. At the charge conference the court allowed each side to argue the necessity of the instruction and then, acceding to the state's position, decided not to give the requested instruction. The court, therefore, clearly understood Thomas' position, and further argument or objection would have been futile. This factual situation satisfies the objectives of the contemporaneous objection rule  "to apprise the trial judge of the putative error and to preserve the issue for intelligent review on appeal." Castor v. State, 365 So.2d at 703. We agree with both the fourth and first districts that, in a situation such as this, it is not necessary to say, "I object," and state the grounds therefor where the record shows, clearly and unambiguously, that the request was made and that the trial court clearly understood the request and, just as clearly, denied that specific request.[*]
*637 We approve Williams and quash that portion of the instant district court opinion on the Tascano issue. The district court is directed to remand this case for a new trial.
It is so ordered.
ADKINS, OVERTON and SUNDBERG, JJ., concur.
ALDERMAN, C.J., concurs in part and dissents in part with an opinion, with which BOYD, J., concurs.
ALDERMAN, Chief Justice, concurring in part, dissenting in part.
I agree with the majority's holding that the prosecutor's question was not designed to play on racial prejudice and that the district court's finding that the comment did not constitute fundamental error was correct. I disagree, however, with the quashing of that portion of the district court's opinion dealing with the Tascano issue.
In my view, the Fifth District correctly held that Thomas failed to preserve this issue for appeal since he did not timely object to the trial court's failure to give the penalty instructions.
Here, the majority notes that this Court's holding in Tascano was prospective, but that it also applied to all others who preserved this point for appeal. The majority then recites language from the First District's decision in Hubbard v. State to the effect that so long as the trial court is fully aware that an objection is being made to the denial of a requested instruction and so long as the court is presented with the specific grounds of the objection and is given a clear opportunity to rule on the objection, the requirement of objection in Florida Rule of Criminal Procedure 3.390(d) is met and the magic words "I object" need not be used. The majority then concludes that the objectives of the contemporaneous objection rule have been met in the present case since the defense filed a written request for an instruction on penalties, since the court allowed each side to argue the necessity of the instruction, and since the court acceded to the State's position and refused the requested instruction.
This statement by the majority gives the misimpression that the defendant made known to the court his view of the necessity for the instruction. Not only did the defendant not object to the denial of the requested instruction, but he in no way made known to the trial court his dissatisfaction with this denial.
The defendant initially submitted several instructions relating to maximum-minimum penalties. At the charge conference, the State objected to these instructions on the basis that they were inconsistent with the required instruction that the jury is to disregard the consequences of its verdict. The State expressed its opinion that the law was not settled on this issue but that "it's inconsistent to tell the jury, on the one hand, that they are to disregard the consequences of their verdict, and practically, in the same breath, tell what the consequences of their verdict are, or potentially are, and in that regard, the State would object to instructions on penalty."
The defendant said nothing in response to the State's argument. The Court then said:
I agree with the State's argument that there is an anomaly in telling the jury that they are not to be concerned about something, and then promptly telling them what it is that they are not to be concerned about. But, the rule says that the Court shall do it. The cases say that it is directory only, and decline to reverse when the trial court refuses to give the instruction. In this case, I am going to give it. (Emphasis supplied.)
The court then asked whether there was any argument as to the accuracy of the defendant's proposed instructions as to the maximum and minimum penalties. The court expressed uncertainty about the correctness of the minimum sentences set out in the requested instructions. The defendant made no attempt to justify the instructions he had submitted or to answer the *638 questions raised by the court. Because he was not sure that the requested instructions were correct, the trial judge announced that he had reconsidered his original decision to give them and that he was going to deny the defendant's request. Specifically, the court said:
I am going to reconsider the ruling and not give the instruction under the maximum and minimum, and the record will indicate the reason. I am actually not sure, from this statute, but what the minimum punishment would be, a minimum fine. I frankly find that the statute is unclear. It leaves a situation that's quite ambiguous. Therefore, the Defendant's Requested Numbers Three, Four, Five, Six, and Seven, are refused.
Defendant voiced no objection in any form to this later denial.
In the context of this record, Thomas certainly did nothing timely to inform the trial court of his objection to the denial of his request. He made no argument in support of his requested instruction which could be interpreted as a statement of specific grounds for objection. He failed to preserve this point for appeal, and I would therefore approve the decision of the district court.
BOYD, J., concurs.
NOTES
[*] A different situation would arise if the court were to instruct on penalties, but not give the specific instruction submitted by the defense. In that instance, the contemporaneous objection rule would require a specific objection.