420 So.2d 875 (1982)
Edward SPURLOCK, Petitioner,
v.
STATE of Florida, Respondent.
No. 61301.
Supreme Court of Florida.
October 7, 1982.
Melanie Ann Hines, Asst. Public Defender, Second Judicial Circuit, Tallahassee, for petitioner.
Jim Smith, Atty. Gen. and Lawrence A. Kaden, Asst. Atty. Gen., Tallahassee, for respondent.
ADKINS, Justice.
We have for review a decision by the District Court of Appeal, First District, Spurlock v. State, 403 So.2d 435 (Fla. 1st DCA 1981), which expressly and directly conflicts with a decision of another district court of appeal or of the Supreme Court on the same question of law. We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
Petitioner, Edward Spurlock, was charged with and tried for armed robbery. At the jury charge conference held during his trial, the following exchange took place:
THE COURT: That motion is denied on the grounds it is contradictory to the other charge of the court to the jury about the consequences of their verdict. The penalty should not enter into their verdict at all. Therefore, I refuse to give the instruction on penalty following that great jurist by the name of Hugh M. Taylor, who also refused to give penalty and thus changed the law.
Are there any objections to the charges to be given or any request for additional charges?
MR. PAULK: None from the state, Your Honor.
MR. BODIFORD: None from the defendant, Your Honor.
THE COURT: Other than what the court indicated about penalty.
Petitioner was thereafter found guilty of the charges and sentenced to fifteen years imprisonment.
On his appeal of sentence to the first district court, petitioner moved for summary reversal and remand on the basis of this *876 Court's ruling in Tascano v. State, 393 So.2d 540 (Fla. 1980), that jury instructions on penalties are mandatory. The district court initially granted the motion, but, on rehearing, vacated its order, holding that the jury instructions question had not been properly preserved for appeal in the manner required under Florida Rule of Criminal Procedure 3.390(d). See Spurlock v. State, 403 So.2d at 436. The case proceeded, the sole issue being whether the failure to instruct on penalties was error, and the district court in an unpublished order affirmed the trial court, ruling that petitioner had failed to properly preserve the point appealed. Petition for review by this Court followed.
We find that petitioner adequately preserved the jury instruction question for appellate review. Rule 3.390(d) provides:
No party may assign as error grounds of appeal the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects, and the grounds of his objection. Opportunity shall be given to make the objection out of presence of the jury.
Defense counsel requested that instructions on penalties be given and was refused. The court then asked whether there were "any objections to the charges to be given or any requests for additional charges," to which both attorneys answered no, and then the court added, "other than what the Court indicated about penalty." (Emphasis supplied.) Reading the "other than ..." statement in conjunction with the preceding inquiry about objections leads to the conclusion that the court recognized an objection on petitioner's part. We think that the passage can be read as, "Are there any objections to the charges to be given ... [o]ther than what the court indicated about penalty?" Our recent decision in Thomas v. State, 419 So.2d 634 (Fla., 1982), further mandates the conclusion which we reach here. In Thomas, the trial court initially agreed to defense counsel's request for jury instructions but, on reconsideration, refused to give them. The fifth district court, on appeal, found that no objection had been made to the failure to instruct and held that the issue had not been preserved for appeal. We disapproved the district court's ruling on that issue, observing as follows:
The court ... clearly understood Thomas' position, and further argument or objection would have been futile. This factual situation satisfies the objectives of the contemporaneous objection rule  "to apprise the trial judge of the putative error and to preserve the issue for intelligent review on appeal." Castor v. State, 365 So.2d 701 at 703. We agree with both the fourth and first districts that, in a situation such as this, it is not necessary to say, "I object," and state the grounds therefor where the record shows, clearly and unambiguously, that the request was made and that the trial court clearly understood the request and, just as clearly, denied that specific request.
Thomas v. State, at 636 (footnote omitted).
The situation here is exactly the type envisioned in Thomas. Clearly, the request was made and the trial court was aware of and denied it. Further argument would have been futile and thus was unnecessary.
As the Thomas decision indicated, the first district has receded from its ruling herein with regard to the requirements of rule 3.390(d). See Hubbard v. State, 411 So.2d 1312, 1314 (Fla. 1st DCA 1982). In that case, the court observed as follows:
The primary thrust of the rule is to insure that the trial judge is made aware that an objection is being made and that the grounds therefor are enunciated. We do not believe that the rule was intended to approve or disapprove a special word formula; we will not exalt form over substance by requiring that counsel use the magic words, "I object," so long as it is clear that the trial judge was fully aware that an objection had been made, that the specific grounds for the objection were presented to the judge, and that the judge was given a clear opportunity to rule upon the objection.
*877 The district court's observations in Hubbard are quite reasonable and persuasive, and are particularly applicable in the case sub judice. The trial judge was aware of petitioner's objection regarding jury instructions and had an opportunity to rule thereon. The missing "magic words" do not concern us because the necessary substance was present.
The only other issue presented for review is whether our decision in Tascano should be applied in this case. We stated in Tascano that parties like respondent that had preserved on appeal the penalty instruction issue were to have the benefit of our interpretation of rule 3.390(d). Respondent contends that such "retroactive" application of the Tascano ruling was ill-considered, that Tascano should only be prospectively applied, and that petitioner is not entitled to the benefit of that ruling because his case commenced before the rendition of Tascano. Respondent's arguments do not, however, persuade us that we erred in Tascano and we decline to modify the same.
Having found that the jury instruction question was preserved for review and that our ruling in Tascano is applicable here, we quash the district court's ruling and direct that it remand this case for a new trial.
It is so ordered.
BOYD, OVERTON, McDONALD and EHRLICH, JJ., concur.
ALDERMAN, C.J., dissents.