430 So.2d 945 (1983)
John HEATHCOAT, Appellant,
v.
STATE of Florida, Appellee.
No. 81-1872.
District Court of Appeal of Florida, Second District.
April 20, 1983.
*946 Jerry Hill, Public Defender and L.S. Alperstein, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee and Michael J. Kotler, Asst. Atty. Gen., Tampa, for appellee.
RYDER, Judge.
This is an appeal by John Heathcoat from his convictions and sentences for burglary, robbery, aggravated battery and aggravated assault. We reverse.
The facts reveal that Heathcoat presented himself at the Pasco County Sheriff's Office some ten days after he had allegedly perpetrated various crimes. Detective Phillips of the Pasco County Sheriff's Office testified that he read to appellant the Miranda warnings.[1] Appellant indicated that he understood his rights and stated that he was afraid of getting himself into more trouble. Phillips then asked Heathcoat questions about Ronald Leroy Ervin, a codefendant. While discussing Ervin, appellant decided to tell Phillips about the entire incident. Phillips interrupted Heathcoat and again advised him of his constitutional rights. Heathcoat proceeded to make statements about the day in question. Appellant was subsequently charged by information with several crimes. The trial court found that the statements made by Heathcoat to Phillips "were freely and voluntarily made after having been duly and properly informed of his constitutional rights."
During trial, Detective Phillips gave testimony concerning a portion of appellant's statements. On cross-examination, appellant's attorney asked Phillips: "Didn't John tell you that he had been drinking pretty heavily that night?" [The night of the alleged crimes]. The state objected; after hearing arguments by defense counsel and the prosecutor, the trial court sustained the state's objection of self-serving hearsay.
The victim of the alleged crimes testified at trial about her encounter with appellant Heathcoat and codefendant Ervin. She stated that Heathcoat had been drinking and was acting wildly. She indicated that she was uncertain what was meant by "highly intoxicated." A portion of the victim's testimony from a pretrial deposition was then read before the judge and jury for impeachment purposes. In the deposition, she had stated that she had seen Heathcoat "drinking but I have never seen him that intoxicated, well, to that degree."
During a conference on instructions, the court asked defense counsel: "What do you want on the record as your objections to instructions as given?" Defense counsel specifically requested an instruction on intoxication *947 and stated grounds in support of the request. Defense counsel indicated that the crimes charged were all specific intent crimes and pointed out the evidence concerning intoxication. The state argued that the evidence did not warrant an instruction on intoxication. The trial court denied defense counsel's request. After the charge to the jury, defense counsel did not object to the judge's failure to give an instruction on intoxication.
Following his convictions and sentences, Heathcoat sought review in this court and asserted several errors. Two issues merit discussion: first, whether the trial court erred by limiting the cross-examination of Detective Phillips by counsel for Heathcoat; and second, whether the trial court erred by not instructing the jury on intoxication.
In considering the limitation of appellant's cross-examination of Detective Phillips, we must initially determine whether Heathcoat's statements about which Phillips testified were properly admitted into evidence. Phillips testified that Heathcoat stated: "[h]e was afraid of getting in more trouble talking to me about the incident." Furthermore, in an abundance of caution, Phillips stopped questioning Heathcoat about his participation in the incident and asked if appellant knew the whereabouts of codefendant Ervin. When Heathcoat then indicated a desire to make statements about the incident, Detective Phillips again informed Heathcoat of his rights to remain silent and have an attorney present. See Miranda v. Arizona, supra. Thereafter, Heathcoat made the incriminating statements.
We agree with the trial court that appellant did not exercise his right to remain silent. There is no evidence that Heathcoat requested an attorney or desired for the officer to stop questioning him. Cf. Jones v. State, 346 So.2d 639 (Fla.2d DCA 1977). Additionally, our review of the record finds nothing to suggest that Heathcoat was improperly induced or coerced into making the confession. See Cannady v. State, 427 So.2d 723 (Fla. 1983).
The trial court properly allowed Phillips to testify as to the statements made by appellant. However, since Phillips testified in the state's case-in-chief about one portion of Heathcoat's statements, the trial court erroneously sustained the state's hearsay objection when defense counsel sought to elicit (during the cross-examination of Phillips) that portion of Heathcoat's statements dealing with his claimed intoxication. Steinhorst v. State, 412 So.2d 332 (Fla. 1982); Ackerman v. State, 372 So.2d 215 (Fla. 1st DCA 1979) (Smith, J., concurring); Louette v. State, 152 Fla. 495, 12 So.2d 168 (Fla. 1943). Furthermore, defense counsel's cross-examination of Detective Phillips concerning intoxication was relevant to the testimony of Phillips on direct examination. Coxwell v. State, 361 So.2d 148 (Fla. 1978); Coco v. State, 62 So.2d 892 (Fla.), cert. denied, 349 U.S. 931, 75 S.Ct. 774, 99 L.Ed.2d 1955 (1953). The cross-examination of Detective Phillips was improperly curtailed.
The second point for consideration is the trial court's refusal of appellant's request for an instruction to the jury that intoxication may negate the specific intent required to establish the commission of the crimes.
Heathcoat was charged with committing specific intent crimes. Voluntary intoxication is a defense to crimes requiring a specific intent. Russell v. State, 373 So.2d 97 (Fla. 2d DCA 1979). See Fouts v. State, 374 So.2d 22 (Fla. 2d DCA 1979), overruled on other grounds in Parker v. State, 408 So.2d 1037 (Fla. 1982); Mellins v. State, 395 So.2d 1207 (Fla. 4th DCA), review denied, 402 So.2d 613 (Fla. 1981). On the whole, the evidence warranted an instruction to the jury on the defense of intoxication. Cf. Jacobs v. State, 396 So.2d 1113, 1115 (Fla.), cert. denied, 454 U.S. 933, 102 S.Ct. 430, 70 L.Ed.2d 239 (1981). In failing to give the instruction on intoxication, the trial court committed reversible error.
The state has argued that appellant waived the issue of the trial court's failure to instruct on intoxication because appellant did not formally object. The state supports this contention with our decision in *948 Kelly v. State, 389 So.2d 250 (Fla. 2d DCA 1980), and with Florida Rule of Criminal Procedure 3.390(d).[2]
If Kelly is still good law, and if rule 3.390(d) is read literally, the appellant has failed to preserve this issue for review. Appellant requested the instruction and stated grounds in support of it. After the trial court denied the request, appellant did not state "I object." The appellant did not readdress the requested instruction at any point. Under Kelly and Florida Rule of Criminal Procedure 3.390(d), the issue was not preserved for appeal.
The Florida Supreme Court has, however, in effect overruled Kelly v. State, supra, and has indicated that rule 3.390(d) is not to be construed as requiring the magic words "I object" or any other specific verbal formula. Spurlock v. State, 420 So.2d 875 (Fla. 1982); Thomas v. State, 419 So.2d 634 (Fla. 1982). While Spurlock and Thomas were decided in the context of requests for instructions on penalties, they would appear to apply to any specific request for a jury instruction.
As the supreme court in Spurlock and Thomas did not directly overrule Kelly v. State, we certify the following question to be one of great public importance within the meaning of Florida Rule of Appellate Procedure 9.030(a)(2)(A)(v):
WHETHER THE DENIAL OF A SPECIFIC REQUEST FOR A JURY INSTRUCTION ON THE DEFENSE OF INTOXICATION IS PRESERVED FOR APPELLATE REVIEW WITHOUT ANY FURTHER OBJECTION TO THE DENIAL.
The other points raised by appellant are without merit.
REVERSED and REMANDED, with question certified.
HOBSON, A.C.J., and CAMPBELL, J., concur.
NOTES
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
[2] Florida Rule of Criminal Procedure 3.390(d) reads:

No party may assign as error grounds of appeal the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects, and the grounds of his objection. Opportunity shall be given to make the objection out of the presence of the jury.