HALL, Judge.
Glen Dale Cardwell appeals his conviction for resisting an officer with violence and aggravated assault. We affirm the judgment as to resisting an officer with violence but reverse appellant’s conviction for aggravated assault.
Appellant argues that the court improperly rejected his proposed jury instruction concerning the defense of intoxication against the charge of aggravated assault, which is a specific intent crime. State v. Shorette, 404 So.2d 816 (Fla.2d DCA 1981). We agree.
Evidence presented at trial established that appellant was approached by three police officers who suspected him of burglarizing his ex-wife’s residence. On resisting their attempts to arrest him, appellant was physically thrown to the ground and an altercation between appellant and the officers ensued.
At trial appellant requested that the trial judge instruct the jury on intoxication as a defense to the charge of aggravated assault. The trial court declined. One of the apprehending officers testified that he detected an odor of alcohol while scuffling with appellant, while another of the officers stated on cross-examination that he believed appellant was intoxicated.
In light of this evidence, the trial court committed reversible error in not issuing an instruction on intoxication. We believe that the testimony at trial of two of the apprehending officers created a sufficient question for the jury as to appellant’s possible defense of intoxication to the requisite formation of specific intent.
Any evidence of appellant’s intoxication entitled him to an appropriate jury instruction. Parker v. State, 471 So.2d 1352 (Fla.2d DCA 1985).
Even where the evidence of intoxication derives from the cross-examination of the state’s witness, appellant is entitled to a jury instruction on the defense of voluntary intoxication. Heathcoat v. State, 430 So.2d 945 (Fla.2d DCA), aff'd, 442 So.2d 955 (Fla.1983); Mellins v. State, 395 So.2d 1207 (Fla. 4th DCA), review denied, 402 So.2d 613 (Fla.1981).
Accordingly, appellant’s judgment and sentence for aggravated assault are reversed and remanded for retrial.
RYDER, C.J., and CAMPBELL, J., concur.