678 So.2d 1371 (1996)
Anthony ROSTANO, Appellant,
v.
STATE of Florida, Appellee.
No. 94-2616.
District Court of Appeal of Florida, Fourth District.
August 28, 1996.
Kayo E. Morgan, Fort Lauderdale, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee and Ettie Feistmann, Assistant Attorney General, West Palm Beach, for appellee.
SHAHOOD, Judge.
Appellant, Anthony Rostano (Rostano or appellant), appeals his conviction and sentence on the charges of criminal mischief, a lesser included offense of arson, and conspiracy to commit criminal mischief, a lesser included offense of criminal conspiracy to commit arson. Appellant was also charged with possession of an explosive device and was found not guilty by the jury. Because the trial court refused to give the appellant's requested alibi jury instruction where there was some evidence to support the requested instruction, we reverse and remand for a new trial. We find appellant's remaining points to be without merit and affirm as to those remaining issues.
Appellant, together with Donald Duncan (Duncan) and Donald Howard (Howard), was charged with arson, criminal conspiracy, and possession of an explosive device. In addition, Duncan and Howard were charged with armed burglary.
Howard, an employee of Duncan, pled guilty and agreed to testify for the state against Rostano and Duncan.
According to testimony, Duncan solicited Howard and Rostano, a friend, to assist him in his plan to destroy the office of an attorney who had represented both of Duncan's *1372 ex-wives in somewhat less than amicable dissolution proceedings.
According to Howard, he and Duncan made an unsuccessful attempt to use a flare to start a fire in the attorney's office. Howard further testified that they then went to Rostano's home in an effort to get another fire igniting device. This second attempt resulted in failure as well in that this device was accidentally ignited in the car occupied by Duncan and Howard. They then returned to Rostano's home for a second time. Howard testified that each time they returned to Rostano's home, the garage door was closed and that it opened when he and Duncan arrived.
As a defense to the claim that he participated in this plan to destroy the lawyer's office, Rostano maintained that he could not have been in his garage, as the state's witness testified, because he was asleep in his bedroom on the third floor of his townhouse. As support for his defense, Rostano offered the testimony of Melvin Robinson (Robinson) and his girlfriend Debbie Lazzaro (Lazzaro). They testified that they knew Rostano but did not know Duncan. Robinson used to do work for Rostano at his home and he and Lazzaro would stay there on the weekends. Robinson testified that on the night of the incident, they came in from the beach before dusk on Saturday night and they stayed in the house until going to bed.
According to Robinson, Rostano's house has three levels. He and Lazzaro stayed on the second level watching television. Rostano, was there for a while, and then said that he was going to bed about an hour before they did. Rostano went up a flight of stairs to get to his bedroom on the east side of the house. Rostano had motion detectors that chimed when anyone walked past the stairs. They chimed when he retired to bed. His house has a garage on the bottom level on the west side of the house. There is an elevator that goes from Rostano's upstairs bedroom to the garage. Robinson and Lazzaro both testified that could hear the elevator if it was being used. They did not hear the elevator that night or the motion detector chimes. They slept on the first floor, the same floor the garage is on. They did not hear the garage door open that night. At the charge conference, appellant's counsel requested an alibi instruction for Rostano.
Florida Standard Criminal Jury Instruction 3.04(a) provides the following instruction to be used where a criminal defendant has asserted an alibi defense to the crime charged:
An issue in this case is whether defendant was present when the crime was allegedly committed.
If you have a reasonable doubt that the defendant was present at the scene of the crime, it is your duty find the defendant not guilty.
Rostano asserted that this instruction should be been given because the alleged scene of the crime was his garage on the first floor of his townhouse and he was in his bedroom on the third floor.
The court in denying appellant's request for an alibi instruction stated in pertinent part as follows:
There are two different issues raised. First of all, I think the alibi defense only applies to Mr. Duncan.
And to Mr. Rostano, the allegations that the things that the State accuses Mr. Rostano of doing were at his house and, in fact, the evidence established even by the Defense was that he was at home. The difference is the Defense says, yeah, he was at home asleep. And if Duncan and Howard had shown up as Howard testified to, they would have heard the garage door and they would have heard him get up, and they didn't hear anybody come to the house and they slept downstairs. They went to bed before he did. They went to bed after that, and that was the end of that. So it is really not an alibi defense as for Rostano, it's only as for Duncan....
Later during the charge conference, the court further stated:
To me an alibi is I couldn't have been in this part of town, I was in another part of town at the same place and time. There is no way I could have beenno way I could have been here when I was there. In fact, all of the witnesses offered by the Defense *1373 place Mr. Rostano at his home the night in question at the time the State alleged he was home. That is not an alibi.
Therefore, the issue for our determination is whether the appellant's admitted presence in a separate and distinct part of his townhouse, away from the area of the alleged criminal activity, was sufficient to justify a jury instruction on alibi. As Florida case law does not define "scene of crime" or explain how far a defendant must be to assert a valid alibi defense, and thus, be entitled to an alibi instruction, we look to other jurisdictions for instruction.
It is axiomatic that a trial court must instruct the jury on the law applicable to alibi if there is evidence to support such an instruction. See Ramsaran v. State, 664 So.2d 1106 (Fla. 4th DCA 1995). In the case of Gray v. United States, 549 A.2d 347 (D.C. 1988), the District of Columbia Circuit Court of Appeals reversed a defendant's conviction for distributing illegal drugs where the trial court had improperly denied his request for an alibi instruction. The defendant had testified that he was on the street where the sale of drugs took place, but that he was at the top of a hill while the sale occurred at the bottom of the hill.
In clarifying the definition of alibi, which requires a defendant be "so far away" from the scene of crime during "the entire time" of its commission that he or she could not have committed it, the D.C. Circuit explained:
"So far away" conjures an image of great distance, but actually means only so removed as to be not precisely at the scene of the crime. Thus it matters not whether the defendant was in the house next door or halfway across town; if he or she was not at the exact scene of the crime, the defendant has an alibi.
Id. at 349 (emphasis added).
In the instant case, the trial court concluded that Rostano's claim to be in another part of his house away from his garage did not provide an alibi to the charges against him:
I don't find that to be an alibi. To me an alibi is I couldn't have been in this part of town, I was in another part of town at the same place and time.

(Emphasis added).
In this case, Rostano offered evidence that he was on the third floor of the building. By evidence adduced at trial, Rostano was entitled to have the jury consider whether he was "precisely at the scene of the crime." See Henderson v. United States, 619 A.2d 16 (D.C.1992)(defendant entitled to an alibi instruction where he maintained that he was in his apartment upstairs from the lobby in which an alleged drug sale took place.).
Specifically in Henderson, the court stated:
Alibi instructions are not a precious commodity to be hoarded by the trial court; they should be granted liberally when there is any evidence to support them. "[W]hen a defendant requests an instruction on his theory of the case, including alibi, and when that instruction is supported by `any evidence, however weak,' an instruction stating the substance of the defense must be given."
619 A.2d at 19 (quoting Gethers v. United States, 556 A.2d 201, 204 (D.C.1989)). Further, "[w]henever the trial court improperly denies an alibi instruction, there is a `strong presumption of prejudice' to the defendant." Henderson, 619 A.2d at 19 (citing Gethers, 556 A.2d at 204); see also Gray, 549 A.2d at 351. In both Gray and Henderson, although the court did not adopt a per se rule that the failure to give an alibi instruction when one is warranted can never be harmless error, the court stated that "we find it difficult to imagine a case in which such an error could possibly be harmless." 549 A.2d at 351, 619 A.2d at 19.
Reversed and remanded.
GLICKSTEIN, J., concurs.
GRIFFIN, JACQUELINE, Associate Judge, dissents with opinion.
GRIFFIN, JACQUELINE, Associate Judge, dissenting.
I respectfully dissent. Because of the closeness of the question whether being in a different part of a single family residence is *1374 an "alibi," because of the weakness of the "alibi" evidence,[1] and because, under the facts of this case, the alibi instruction may have been more confusing to the jury than helpful,[2] I am unable to find reversible error in the lower court's decision not to give the alibi instruction in this case.
NOTES
[1] The testimony in substance was: "If the defendant had used the stairs or elevator or opened the garage door, we would have been awakened by the sound."
[2] "If you have a reasonable doubt that the defendant was present at the scene of the alleged crime, it is your duty to find the defendant not guilty." Fla. Std. Jury Instr. (Crim.) 36. (Emphasis added).