STEVENSON, Judge.
Appellant, Donald Duncan, appeals his conviction and sentence for armed burglary, *597 arson, criminal conspiracy to commit arson, and possession of a firebomb. We have examined the issues raised on appeal and find no error.
The factual scenario of this case can be found in the opinion of this court which addressed the appeal of appellant’s co-defendant, Anthony Rostano. See Rostano v. State, 678 So.2d 1371 (Fla. 4th DCA 1996). We write only to address appellant’s argument that the trial court committed reversible error in this case by denying co-defendant Rostano’s requested alibi instruction. Although this court reversed Rostano’s conviction because the trial court erred in refusing to give the jury an alibi instruction for Rostano, that result has no bearing on the outcome of this appeal. The trial court did give an alibi instruction to the jury on behalf of appellant. The alibi defenses of appellant and Rostano were different. Rostano sought to show that he was in a different area of his townhouse when the crime occurred; appellant presented evidence that he was not at the crime scene at all, as he and a friend had been in Fort Lauderdale that evening following appellant’s former wife around and then they later fell asleep at the friend’s home. Our review of the record does not reveal that appellant’s alibi defense was in any way undermined by the failure of the trial court to give an alibi instruction on behalf of the codefendant, Rostano.
AFFIRMED.
DELL and POLEN, JJ., concur.