WARNER, Judge.
Appellant asserts that the trial court erred in refusing to instruct the jury on his alibi defense when there was evidence presented, which had not been objected to by the state, to support his theory. We agree and reverse.
Appellant was charged with possession of cocaine within one thousand feet of a school. During trial, appellant’s fiance testified without objection that she had gone to a movie with appellant on the night of the incidents giving rise to the charges. Representing himself at trial, appellant requested that the court charge the jury on his alibi theory. In response, the state argued that since appellant failed to file a notice of alibi, in compliance with Florida Rule of Criminal Procedure 3.200, he was precluded from subsequently requesting the instruction during the charge conference. The trial court refused to give the instruction.
It is well settled that a defendant is entitled to have a jury instructed on the law applicable to his or her theory of the defense. See Williams v. State, 395 So.2d 1236, 1238 (Fla. 4th DCA 1981). In Ramsaran v. State, 664 So.2d 1106, 1107 (Fla. 4th DCA 1995), we held that it was reversible error to fail to instruct on the theory of alibi where evidence was presented supporting the defense, despite the defendant’s noncompliance with *234 Rule 3.200. Failure to follow the notice provisions of the rule does not authorize a trial court to refuse to instruct on the alibi defense as a sanction. Here, there was evidence from which a jury could find that appellant was not at the scene of the crime, but with his fiance at a movie. Because there was evidence presented to support the giving of the charge, it was error for the trial court to refuse to do so. See Rostano v. State, 678 So.2d 1371, 1372-73 (Fla. 4th DCA 1996).
Because of the reversal on the jury instruction, the remaining points on appeal are moot. However, one of the issues raised was the adequacy of the trial court’s Faretta inquiry.[1] We would point out that the supreme court has approved a model Faretta colloquy to insure that the requirements of Faretta are met. See Amendment to Florida Rule of Criminal Procedure 3.111(d)(2)-(3), 719 So.2d 873 (Fla.1998). Use of the model colloquy should reduce the number of challenges to the adequacy of the inquiry in future cases.
Reversed and remanded for a new trial.
SHAHOOD, J., and BRYAN, BEN L., Associate Judge, concur.

. Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). In fact, in its brief the state conceded that the trial court did not conduct a proper inquiry.