PETERSON, J.
Sirmontay Ford was found guilty by jury verdict of robbery with a firearm. Ford contends that the trial judge’s failure to give' a complete instruction on the issue of his alibi requires a new trial. We agree, vacate the judgment of conviction and remand for a new trial.
The victim testified that he was walking home from his girlfriend’s apartment around midnight when a person exited a white four-door Pontiac with dark tinted widows. That person was wearing all black clothing, had dread locks and a bandana on his head that covered his forehead. Nevertheless, the victim testified that he recognized the person from his eyes, eyebrows and dread locks as being “Monty”, the Appellant, Sirmontay Ford, from the victim’s first period class in school.
The person identified by the victim as Ford was joinéd by another who also exited the Pontiac. Each allegedly placed a gun to the sides of the victim’s head and robbed him of his necklace, hat and “do-rag” that he wore on his head.. The assailants then ran to the car and left. The victim ran to his apartment. Before calling the police, the victim and his mother drove around the local streets looking for the assailants’ car. They saw a car that the victim believed was involved in the robbery, followed it and noted the tag number. The incident was then reported to a police officer including the identification of “Monty” as one of the assailants. *416 Later, the victim identified Ford from a photographic line-up.
The police successfully located the owner of the car bearing the license tag noted by the victim, but found no evidence that the car was used in the robbery. Three weeks after the robbery, the police spoke with Ford about the robbery. Ford waived his Miranda rights, agreed to answer questions, denied committing the robbery, did not recall where he was on the night of the incident, and could not supply the names of any witness that could corroborate his whereabouts at the time of the robbery.
During the jury trial, Ford testified that he knew the victim from school, was at home at the time of the alleged robbery and presented the testimony of two other witnesses: the owner of the car matching the tag number provided to the police by the victim, and Ford’s mother.
The vehicle’s owner testified that he worked until 9:00 PM the night of the robbery, was at a Wal-Mart shopping at the time of the alleged robbery, that his car was not used in the alleged robbery and that he did not know Ford. Ford’s mother testified that when she returned home from work at around 11:45 p.m. on the night of the alleged robbery, her son was in his room and never left the house that night.
Florida’s standard criminal jury instruction 3.04(a) provides:
Alibi
Am issue in this case is whether defendant was present when the crime allegedly was committed.
Note to judge When the defendant is charged only as a principal not present at the commission of the crime, the following instruction may not be applicable.
If you have a reasonable doubt that the defendant was present at the scene of the alleged crime, it is your duty to find the defendant not guilty.
Despite a contemporaneous objection by Ford at the charging conference, the trial court read only the first sentence of the standard jury instruction to the jury and did not read the second sentence (“If you have a reasonable doubt ... ”). The trial court reasoned that:
There’s additional optional language that says, if you have a reasonable doubt that the defendant was present at the scene of the alleged crime, it is your duty to find the defendant not guilty. I don’t think that’s applicable in this case because Mr. Sirmontay Ford is not alleged to have been a principal who was not present at the commission of the crime.
Ford correctly contends that the trial court misunderstood that it is precisely because he was not alleged to have been a principal who was not present at the commission of the crime that the second paragraph explaining reasonable doubt should have been read. The “Note to judge” renders the second sentence of the standard jury instruction inapplicable when the “defendant is charged only as a principal not present at the scene of an alleged crime.” (emphasis added). Because Ford was charged as a principal present at the commission of the crime, the “Note to judge” does not apply here and the second sentence of the jury instruction should have been read to the jury.
Ford claims further that by failing to read the alibi instruction in its entirety, the trial court improperly shifted the burden of proof to the defense and, in addition, failed to inform the jury of the law necessary in order for the jury to determine the issue of alibi. “[A] trial court must instruct the jury on the law applica *417 ble to alibi if there is evidence to support such an instruction.” Rostano v. State, 678 So.2d 1371, 1373 (Fla. 4th DCA 1996); See also Ramsaran v. State, 664 So.2d 1106 (Fla. 4th DCA 1996). The Rostano opinion cites with approval Gray v. United States, 549 A.2d 347 (D.C.1988), in which a defendant’s conviction was reversed when the trial court improperly denied his request for an alibi instruction. Rostano, 678 So.2d at 1373. In Gray, the defendant also testified he was not at the precise place where the alleged crime took place. Gray, 549 A.2d. at 350. Here, not only did Ford testify that he was at home at the time of the alleged robbery, he offered the testimony of his mother in an attempt to confirm his presence, and testimony by the owner of the vehicle having the tag number noted by the victim that he did not know Ford and Ford was not using his car at the time of the robbery. Sufficient evidence was introduced to entitle Ford to a complete alibi instruction and we do not regard the omitted portion as harmless error.
“Whenever the trial court improperly denies an alibi instruction, there is a strong presumption of prejudice to the defendant.” Rostano, 678 So.2d at 1373, citing Henderson v. United States, 619 A.2d 16 (D.C.1992). Although the trial court also instructed the jury with the standard definitional jury instructions on the presumption of innocence, burden of proof and reasonable doubt, none were tied directly to Ford’s alibi defense.
We conclude that the trial court misinterpreted the “Note to judge” in the alibi instruction and failed to instruct the jury with the second sentence. Although the court did instruct the jury on burden of proof and reasonable doubt, it is our view that Ford was prejudiced by the failure to read the second sentence, without which, the first sentence is not instructional.
The judgment is vacated and the matter remanded for a new trial.
JUDGMENT VACATED; REMANDED
SHARP, W. and PALMER, JJ., concur.